RECEIVED
JAN 09 2024
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

# Exhibit "A"

## <u>AFFIDAVIT OF BEAU MCPHAIL</u>

STATE OF MISSISSIPPI

COUNTY OF GRENADA

PERSONALLY CAME and appeared before me, the undersigned authority in and for the aforesaid County and State, and within my jurisdiction, the within named Beau McPhail, who, after being by me first duly sworn, stated upon his oath that he has personal knowledge of the matters and things hereinafter set forth, and further deposes and says:

1.    I am Beau McPhail, a resident of the City of Grenada, Grenada County, Mississippi.

2.    My current address is 525 Glen Lake Drive, Grenda, MS 38901.

3.    My date of birth is December 29, 2005. I am seventeen-years-old (17), and competent to make this affidavit.

4.    I have personal knowledge of the facts set forth in this affidavit, and they are true and correct.

5.    This affidavit is prepared in support of my complaint in the Federal District Court for the Northern District of Mississippi, Greenville Division, seeking declaratory and injunctive relief from further ultra-vires applications of state power by Mississippi State Court Judge Percy L. Lynchard.

6.    Judge Percy L. Lynchard is NOT acting in my best interest when he deprives me of my fit father or when he forces my fit parents to seek his permission to speak with me, to associate with me, to worship together with me as a family, to share family privacy with me, and to be able to protect me by exercising their fundamental parental rights to protect me from unwarranted state interference in my private life or from interference by other individuals and family members who seek only to satisfy their own interests and whos interference, taken against my interests and without my permission, would be best handled by and would normally have been handled by my Dad.

7.    Neither of my parents have caused me any injury, concrete or otherwise, for which Judge Percy L. Lynchard has any legitimate judicial authority to remediate. I have never appeared in his court. I have never made any claims of concrete injury in his court. I have NOT asked for any judicial relief against either of my fit parents. I object to his actions that he claims are in my best interests.

8.    The truth of the matter is that I have been specifically excluded from hearings on more than one occasion by Judge Lynchard.

9.    On one occasion I was present with my Dad at a hearing on 4/4/18 where he was put in jail for contempt. That day, Judge Lynchard [1] said it was in my best interest to be escorted from the courtroom to sit outside by myself where I could not see what my Mom and her parents were doing to my dad and saying about him just to keep us

---

[1] See court transcript from 4/4/18 hearing, civil docket, 174, pages 1139-44

apart. Only my Dad has told me the truth about any of the court proceeding and that the pupose of them was that my Mom and her parents wanted the custody changed.

10.     When I have asked to say how I am being affected by all of this, my Mom, or her attorney, or sometimes even Judge Lynchard, has something smart to say about it and my question never gets answered and my thoughts are never actually heard.

11.     Another time I was excluded from the court case and for no apparent reason, was on 2/9/22, when we thought my dad might be able to get out of jail on a bond.

12.     I wanted to testify at his bond hearing to say why I needed him out jail. Which was mostly about being in high school and because I was working and was thinking about changing jobs and some other stuff. And also because I just missed hanging out with Dad. He has been in jail for a very long time and I just need my Dad to be back now.

13.     So he told Mr. Lancaster that I wanted to testify at the bond hearing. I think Dad had to practically make Mr. Lancaster agree to send me a subpoena so I would for sure be at the hearing when it was my turn to testifiy. We were both kind of excited that I was going to be able to testify at the hearing. I was sixteen years old then.

14.     When the man served me with the paperwork it was on 2/3/22. The very same day Dad said that my Mom's attorney filed a motion to block my subpoena so I would'nt be able to testify. He said that Jay Gore, my Mom's attorney, and his attorney, Mr. Lancaster, worked it out with Judge Lynchard somehow and they decided to have a

secret hearing on 2/7/22 that Dad didn't even find out about until after Jay Gore had typed and filed the Order on the court file the next day.

15.    Judge Lyncard had already ordered that I would not be allowed to come to the hearing and say what I wanted to say, which was to tell Judge Lynchard why I wanted and needed Dad out of jail.

16.    None of the people involved in this court case have done anything for me except ignore me and  occasionally tell me why Dad won't be able to get out of jail until after he goes back to the psychologist.

17.    They made my dad wait for 6 months to get a hearing set for his [2]bond., but when Jay Gore wanted Judge Lynchard to stop me from being able to testify, Judge Lynchard set him a hearing that happened in just three days. Dad has been in jail for 5.5 years just because my Mom and her parent's, and Judge Lynchard will not admit they are the ones who were wrong.

18.    How can someone who is supposed to know the law, and be fair when he rules on peoples cases, block a 16-year old son from testifying to the court about  how important it is to him to let his Dad out of jail as soon as possible and then still get to keep his same job.?

19.    I don't know how Judge Lynchard, or my Mom or my Mom's attorney, or Ms. Miller, the GAL, believe that they know what is best for me when every time I try to tell them about my needs they just refuse to listen or acknowledge what I said later.

---

[2] See civil docket, 154, Order granting appeal, 167, motion for bond; 180, Order setting cause for hearing on 2/9/22,

20.    Judge Percy L. Lynchard is punishing me for my parents choosing to divorce one another by taking away my fundamental rights based on nothing more than his personal opinion regarding what is best for me. I want to challenge Judge Percy L. Lynchard's authority to take my rights from me by taking my fit father away from me based on nothing more than his personal opinion.

21.    I seek judicial relief from this Court and protection of my constitutional rights from this Court as against Judge Percy L. Lynchard and the state of Mississippi's civil law family code because they are actively causing me irreparable injury without making any effort to protect my constitutional rights.

AND THE AFFIANT SAYS NO MORE:


_____  BWM

**Beau McPhail, Affiant**




SWORN TO AND SUBSCRIBED, before me on this, the 9th day of January, 2024.

_____

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 49706
JENNIFER H. MOORE
Commission Expires
July 6, 2026
GRENADA COUNTY