RECEIVED
JAN 09 2024
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

# UNITED STATES DISTRICT COURT
for the
N.D. Mississippi, Greenville Division

| | | |
|---|---|---|
| Beau McPhail<br>*Plaintiff*<br><br>v.<br><br>Honorable State Court Judge<br>Percy L. Lynchard<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No:<br>4:24cv002-DMB-JMV<br><br>~~4:23-cv-00171-DMB-DAS~~<br>McPhail v Lynchard |

## **Motion for Jurisdictionally Mandated Recusal**

COMES NOW Beau McPhail, Movant herein, and seeks protection under 28 U. S. C. 455 and under due process mandates for Movant's right to vindicate Movant's federally protected rights before a neutral and impartial federal Article III judicial decision-maker who is sufficiently free from the appearance of bias to provide constitutionally adequate litigation of Movant's challenge to the state's ultra vires regulation of close family speech and association through the use of viewpoint-based prior restraints issued under a state grant of "broad" discretion justified by a merely "substantial" state interest where that interest is clearly defeated by the state's scheme because the state's scheme mandates irreparable injury of children for pecuniary gain which can NOT be rationally related to the state's asserted goal of acting in Movant's best interests. In support thereof, Movant would show the following:

## Argument

This Petition is filed in direct challenge to the state's Civil Law PostDivorce Child Custody Regulatory Scheme under which a sole state court judge is simultaneously granted state authority to vindicate the state's policy interests and to sit in judicial judgement over that policy and the vindication of that policy. The child custody judge unconstitutionally judges himself.

The scheme impermissibly establishes that state court judges sit in judgement of their own regulatory actions taken in direct conflict with federal mandates and the federal rights of the litigants before the court. The scheme mandates that state court judges openly reject their judicial duties imposed by Article VI, US Const. and the Supremacy Clause to which they have sworn a mandatory oath to uphold as a precondition for holding state judicial office.

Were this ultra vires scheme declared to be unconstitutional, almost all of the divorce and child custody regulation currently performed by state court judges would have to shift to the Executive Branch of government as mandated by the Separation of Powers Doctrine. Anyone with basic accounting and budgeting knowledge can look at the percentage of the courts' dockets that consist of divorce and child custody litigation, where there no longer exists any justiciable conflict, and determine that the state has far more judges than can be justified under the reduced case load.

Should state regulation of intimate and expressive, close family, parent-child speech, association, worship, and family privacy as punishment for the parents exercising their otherwise lawful and constitutionally protected choice to discontinue their own intimate and expressive, close family, marital speech and association be protected at strict scrutiny as constitutionally mandated, judicial review of administrative regulation would replace only a tiny fraction of the caseload that would be eliminated.

Additionally, the state competes for its share of the more than four-billion-dollar annual federal Title IV-D scheme payment to states which acts as a financial incentive for states to continue this ultra vires scheme. Judicial salaries necessary to protect the state's ultra vires scheme and Title IV-D's direct incentive to act ultra vires in the absence of constitutionally adequate constitutional review are directly subsidized by those payments, even if clever state budgeting conceals this fact.

Consequently, state court judges at every level of the state judiciary, and federal district court judges who were previously state court judges, have personal and pecuniary interests in maintaining the ultra vires scheme either over concern for their

current salaries, including the significant perks of judicial office, or over concern for their professional reputations should their willing and open rejection of the judicial duty be publicly recognized for the crime that it is as articulated by Chief Justice Marshall in Marbury v. Madison.

Twenty-Eight U. S. Code §455 imposes a jurisdictional mandate on any federal district court judge to recuse where their previous participation in a state's Civil Law PostDivorce Child Custody Regulatory Scheme reasonably brings into question their impartiality regarding this constitutional challenge to that scheme and all schemes like it which exist in all 50 states. The Congressional command is jurisdictional in nature and violation of this mandate is a violation of the Federal Code of Judicial Conduct mandating judicial compliance with the law.

No state court judge has jurisdiction to bind the federally protected interests of any litigant based merely upon that judge's viewpoint regarding what is best for a non-party non-litigant child, or regarding which parent he or she believes to be the "best" parent and which he believes to be the "less-than-best" parent, or regarding any otherwise lawful and constitutionally protected parental privacy choice regarding matters of conscience in child-rearing or marital association with the child's other parent.

Any federal district court judge who did so, or looked the other way as others did so, when he or she was a state court judge has a personal interest in ensuring that those actions, taken without jurisdiction, are never exposed to constitutionally adequate constitutional review because that would expose the crimes for what they truly are and bring discredit on that judge.

The Nineteenth Century legal presumptions underlying the state's claim of authority to regulate close family speech and association as a consequence of "choices about marriage" by parents and the state's claim of authority to deprive minor children of fundamental rights as a consequence of those parental marital choices were declared unconstitutional in the Twentieth Century when the Court abolished the Bastardy Codes.

In the Twenty-First Century the state's assertion of authority to regulate fundamental rights are presumptively unconstitutional and any such regulation remains unconstitutional until such time as the state justifies its authority through case and fact specific testimony following adequate notice and upon submitting to confrontation and cross-examination. Any federal district court judge holding any interest in preventing this legal fact from being fully and equally applied in civil suits between private parties, where the state inserts its regulatory interests by coopting the judicial power to vindicate its policy interests, is a federal district court judge who is mandated to recuse themselves by federal law and the federal Code of Judicial Conduct mandating compliance with that federal law upon pain of sanction and establishing a personal and professional act contrary to "good behavior."

Movant respectfully requests full protection of Movant's right to vindicate Movant's federal rights before a neutral and impartial judicial decision-maker who is free from the appearance of bias created through previous participation in a state regulatory scheme mandating that state court judges act in the interests of a non-party non-litigant child and provide judicial relief in the interests of that non-party non-litigant child against the fundamental rights of the child's fit parents appearing before

the court as litigants and against the rights of the child to be free from unwarranted interference in his private family life with each of his fit parents and to be free from viewpoint-based prior restraints on the times, the places, and the manner in which he or she is permitted to speak with, associate with, worship with, and share family privacy with his fit parents as individuals holding fully vested individually and First Amendment protected fundamental rights as against state judicial action.

Actions of state court judges are unconstitutional where they deprive minor children of fundamental First Amendment protected rights under a claim of providing judicial relief in the interests of that child where that child has NOT established standing to receive judicial relief, has NOT appeared as a party to judicial proceedings, has NOT provided notice, and who has NOT been subjected to confrontation nor cross-examination and where the child has been deprived of access to a competent state court in which to vindicate his or her federal rights as against that ultra vires judicial action.

An action by a state court judge that directly and irreparably injures a minor child by failing to provide all mandated constitutional guarantees for that child's rights can in NO way be rationally related to the state's asserted goal of acting in the child's best interests.

Movant herein and as Plaintiff in federal judicial proceedings seeks federal judicial remedy of this state court imposed irreparable injury of children that was imposed for pecuniary gain and requests assurances that the presiding judge in this case is free from any appearance of bias that might reasonably prevent or delay enjoining the irreparable injury of minor children for money by state court judges.

### Prayer

Movant prays for the immediate and unconditional recusal, under the jurisdictional mandate of 28 U. S. C. 455 and under due process mandate, of any district court judge assigned to this case who previously made a "judicial" determination of the best interests of a child for the purpose of issuing judicial relief in that child's interests where the court's record fails to demonstrate that the child established standing to receive judicial relief or that the state established standing on the child's behalf and appeared to pursue the state's policy interests regarding the best interests of that child as against the fundamental rights of the litigants before the court, following constitutionally adequate notice provided by the Child or the state.

Movant prays for the immediate and unconditional recusal, under the jurisdictional mandate of 28 U. S. C. 455 and under due process mandate, of any district court judge assigned to this case who might reasonably be seen to have an interest in preserving this ultra vires state scheme against the rights of children and of Movant.

Respectfully Submitted by:

X:

By: /s/ Beau McPhail
    Beau McPhail, Pro Se
    143 CR 380
    Calhoun City, MS 38916

    662.637.7207
    mcphailbeau@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was mailed to Honorable State Court Judge Percy L. Lynchard, Jr., at P.O. Box 340, **Hernando, MS**, 38632, on January 9th, 2024.

                      X:

                      By: /s/ Beau McPhail
                          Beau McPhail, Pro Se
                          143 CR 380
                          Calhoun City, MS 38916

                          662.637.7207
                          mcphailbeau@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed to Honorable State Court Judge Percy L. Lynchard at 69 Green Street, Suite 1, **Grenada, MS** 38901, on _January 8th_, 2024.

X:

By: /s/ Beau McPhail

Beau McPhail, Pro Se
143 CR 380
Calhoun City, MS 38916

662.637.7207
mcphailbeau@gmail.com