IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BEAU MCPHAIL**     **PLAINTIFF**

**V.**     **NO. 4:24-CV-2-DMB-JMV**

**HONORABLE STATE COURT**
**JUDGE PERCY L. LYNCHARD**     **DEFENDANT**

## ORDER

On January 9, 2024, Beau McPhail filed a "Petition for Declaratory and Injunctive Relief" in the United States District Court for the Northern District of Mississippi against "Honorable State Court Judge Percy L. Lynchard," alleging various claims related to child custody and child support determinations associated with his parents' divorce.[1] Doc. #1. That same day, McPhail filed a "Motion for Jurisdictionally Mandated Recusal." Doc. #3.[2] In the motion, McPhail requests "immediate and unconditional recusal, under the jurisdictional mandate of 28 U. S. C. [§] 455 and under due process mandate, of any district court judge assigned to this case"

> who previously made a "judicial" determination of the best interests of a child for the purpose of issuing judicial relief in that child's interests where the court's record fails to demonstrate that the child established standing to receive judicial relief or that the state established standing on the child's behalf and appeared to pursue the state's policy interests regarding the best interests of that child as against the

---

[1] On October 5, 2023, this Court dismissed without prejudice a prior case commenced by McPhail against Lynchard because McPhail, who was then a minor, lacked capacity to sue. *McPhail v. Lynchard*, No. 4:23-cv-174, 2023 U.S. Dist. LEXIS 179850, at *1 (N.D. Miss. Oct. 5, 2023). The complaint here alleges the same claims as those in the dismissed case—that Lynchard's rulings in his parents' divorce case, including the termination of "[his] rights to his fit parents" and a child support order, violated his constitutional rights and caused him "irreparable injury." Doc. #1 at 9–17, 49; *compare McPhail v. Lynchard*, No. 4:23-cv-174, at Doc. #1 (N.D. Miss. Sept. 8, 2023), *with McPhail v. Lynchard*, No. 4:24-cv-2, at Doc. #1, (N.D. Miss. Jan. 9, 2024). Though the complaint here alleges McPhail "remains a minor for a number of months," Doc. #1 at 16, in a motion to proceed in forma pauperis filed January 9, 2024, McPhail represents that he "turned 18 on Dec. 29," Doc. #2 at PageID 74.

[2] In violation of Local Rule 7(b)(2)(B), the motion is more than four pages, and contains legal argument and citations to case law. And in violation of Local Rule 7(b)(4), McPhail failed to file a memorandum brief in support of the motion. While the Court could deny the motion for these procedural deficiencies, the Court will consider the merits of the motion in the interest of judicial efficiency. However, McPhail is warned that future failure to comply with the Local Rules may result in the denial of relief sought.

> fundamental rights of the litigants before the court, following constitutionally adequate notice provided by the Child or the state. …
>
> [And] who might reasonably be seen to have an interest in preserving this ultra vires state scheme against the rights of children and of [him].

*Id*. at 7.[3] According to McPhail, recusal is warranted because "state court judges at every level of the state judiciary, and federal district court judges who were previously state court judges, have personal and pecuniary interests in maintaining the ultra vires scheme" of child custody determinations by state judges. *Id*. at 3. Lynchard did not respond to McPhail's motion for recusal.

28 U.S.C. § 455 provides in relevant part[4] that "[a]ny … judge … of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). To warrant recusal under § 455, the alleged bias must be personal rather than judicial. *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007). Whether to recuse is left to the discretion of the judge. *Garcia v. City of Laredo*, 702 F.3d 788, 793–94 (5th Cir. 2012). "A judge abuses his discretion in denying recusal where a reasonable [person], cognizant of the relevant circumstances surrounding the judge's failure to recuse, would harbor legitimate doubts about that judge's impartiality." *Id*. at 794 (cleaned up). In that regard, a court should ask "how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995). "The requirements for disqualification under § 455 are not satisfied by rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters." *Clark v. Time Inc.*, 727 F. App'x 975, 978 (10th Cir. 2018) (cleaned up).

---

[3] McPhail also seeks the recusal of any federal district court judge who previously served as a state court judge and "looked the other way" during state court determinations based on the best interest of the child. Doc. #3 at 4.

[4] Section 455(b) requires a judge to disqualify himself in certain specified circumstances. 28 U.S.C. § 455(b)(1)–(5). McPhail does not contend that any of those circumstances are implicated here.

McPhail's motion lacks a factual basis for recusal because he does not contend, much less show, that the undersigned district judge falls into the categories upon which he premises his recusal request.  Rather, McPhail's particular grounds for recusal appear to be solely based on his suspicious belief, speculation, and unsubstantiated assumption that judicial determinations by district court judges who were previously state court judges regarding the best interests of a child in a state court matter are part of an "ultra vires state scheme against the rights of children." Doc. #3 at 7.  More, his grounds for recusal are impermissibly based on an alleged judicial bias rather than a personal bias.  While he baldly contends that federal and state judges have "personal and pecuniary interests in maintaining the ultra vires scheme," *id.* at 3, his conclusory opinions about the existence of such scheme, who has interests in it, and the nature of such interests, are wholly uncorroborated.  For these reasons, McPhail's grounds for recusal do not demonstrate or suggest that the undersigned district judge's impartiality might reasonably be questioned in this case.  Accordingly, McPhail's motion for recusal [3] is **DENIED**.

       **SO ORDERED**, this 23rd day of April, 2024.

                                                  /s/Debra M. Brown
                                                  **UNITED STATES DISTRICT JUDGE**