IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BEAU MCPHAIL**                                                                                                    **PLAINTIFF**

**VS.**                                                                        **CASE NO. 4:24-cv-002-DMB-JMV**

**HONORABLE STATE COURT**
**JUDGE PERCY L. LYCHARD**                                                           **DEFENDANT**

**DEFENDANT'S MEMORANDUM IN SUPPORT OF RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Defendant, Grenada County Chancery Court Judge Percy Lynchard, in his official capacity, files this his memorandum in support of his response in opposition to Plaintiff's motion for entry of default judgment [Doc. 11]. This Court should deny Plaintiff's motion for two reasons: (1) the Court lacks personal jurisdiction over Chancellor Lynchard because Plaintiff has not properly effected service of process on him; and (2) Plaintiff lacks the capacity to sue because he is a minor child and has failed to pursue his claims through a next friend or guardian.

## BACKGROUND

Plaintiff was born on December 29, 2005. *McPhail v. McPhail*, 357 So. 3d 602, 620 (Miss. 2023) (Griffis, J., dissenting). Plaintiff's parent's were divorced in 2012 and shared joint legal and physical custody of Plaintiff. *See McPhail*, 357 So. 3d at 605. Plaintiff's mother subsequently "filed a petition for modification of custody and a citation for contempt" in Grenada County Chancery Court. *Id.* After protracted litigation, Chancellor Lynchard held Plaintiff's faither in criminal contempt for refusing to "comply with the court's orders that he submit to a drug test and provide the name of a licensed psychologist or psychiatrist for the court to consider for appointment," as well as failing to pay child support. *Id.* at 606. Chancellor

Lynchard "ordered that [Plaintiff's father] be held in the Grenada County jail until such time as he has purged himself of contempt of all prior orders, including submitting to the drug test previously ordered, providing the name of a proposed psychologist or psychiatrist to the court for appointment, and paying $1400 in child support." *Id.* The Mississippi Supreme Court ultimately affirmed Chancellor Lynchard's contempt ruling. *Id.* at 620.

Plaintiff previously filed a pro se "Petition for Declaratory and Injunctive Relief" against Chancellor Lynchard in this Court on September 8, 2023. [Doc. 1] McPhail v. Lynchard, NO. 4:23-CV-174-DMB-DAS. In his complaint, Plaintiff sought declaratory and injunctive relief collaterally attacking Chancellor Lynchard's contempt and child custody orders. [*Id.*] This Court entered an Order requiring Plaintiff to show cause "why this case should not be dismissed without prejudice for his lack of capacity to sue" because he is a minor under state law. [Doc. 5 at 2]. After Plaintiff admitted he was a minor child, this Court dismissed Plaintiff's lawsuit without prejudice because he "fails to pursue his claims through a next friend, guardian, or other proper representative and thus still lacks capacity to sue." [Doc. 7].

Plaintiff's father has also filed a Petition for Writ of Habeas Corpus with this Court. *See* McPhail v. Grenada County Sheriff, No. 3:23-cv-00385-MPM-RP. That action remains pending.

### PLAINTIFF'S CURRENT LAWSUIT AND ATTEMPTS TO EFFECT SERVICE

On January 9, 2024, Plaintiff filed an almost identical *pro se* "Petition for Declaratory and Injunctive Relief" against Chancellor Lynchard. [Doc. 1]. Again, he seeks declaratory and injunctive relief collaterally attacking Chancellor Lynchard's contempt and child custody rulings in the case initiated by his mother in Grenada County Chancery Court. [*See id.* at 65 (seeking a declaratory judgment "directing" Chancellor Lynchard "that his actions are unlawful" and that, if he does not "fulfil [sic] his judicial duty immediately," an "injunction will promptly issue")].

2

On March 18, 2024, the Clerk of this Court issued a summons to Plaintiff. [Doc. 7]. The summons states that Chancellor Lynchard's address is "P.O. Box 340 Hernando, MS 38362." [*Id.*]. Plaintiff did not file a Proof of Service with this Court. Instead, he filed an unsworn "Certificate of Service" stating that "a copy of the . . . original complaint" in this case was "sent by registered mail to" Chancellor Lynchard at "16 First Street, Grenada, MS, 38901" on "February 3, 2024." [Doc. 8]. Attached to the "Certificate of Service" is a registered mail receipt addressed to the Grenada County Chancery Court and Chancellor Lynchard on February 23, 2024. [Doc. 8 at 2]. Plaintiff also apparently sent a copy of the original complaint by registered mail to the Mississippi Attorney General's Office on that same date. [*See* Doc. 11-1, 11-3].

On April 15, 2024, the Clerk of this Court entered a notice that Chancellor Lynchard was "in default and Entry of Default should be requested pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure." [Doc. 9]. Plaintiff filed a motion for entry of default judgment on April 30, 2024. [Doc. 11].

## ARGUMENT

**I.      This Court Lacks Personal Jurisdiction Over Chancellor Lynchard Because He Has Not Been Properly Served.**

It is well established that "a judgment entered without personal jurisdiction is void" and therefore that "a district court has the duty to assure that it has the power to enter a valid default judgment." *System Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001); *see United States v. Jefferson*, 2015 WL 12991123, at *1 (N.D. Miss. Jan. 14, 2015). "Absent proper service of process, the court lacks personal jurisdiction over the defendant, and any default judgment against the defendant would be void." *Jefferson*, 2015 WL 12991123, at *1 (internal quotation marks and citation omitted); *see also Omni Capital Intern., Ltd. v. Rudolf Wolff & Co.*, Ltd, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise

3

personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

Under the Federal Rules of Civil Procedure, service of process upon an in-state defendant may only be accomplished by four means: "following state law for serving a summons ... in the state where the district court is located"; "delivering a copy of the summons and of the complaint to the individual personally"; "leaving a copy of each at the individual's dwelling or usual place of abode"; or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P.(e)(1)-(2). Under Mississippi law, service "[u]pon the State of Mississippi or any one of its departments, officers or institutions" must be accomplished "by delivering a copy of the summons and complaint to the [Mississippi] Attorney General." Miss. R. Civ. P. 4(d)(5); *see also Coleman v. McKenzie-Kelly*, 2021 WL 3673111, at *4 (S.D. Miss. Aug. 18, 2021) ("[T]o the extent [a plaintiff] asserts official-capacity claims against Individual Defendants, service on the Attorney General would be appropriate."). The Plaintiff "has the burden of demonstrating its validity when an objection to service is made." *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007); *see also Est. of Holliman v. Turner*, No. 4:22-CV-75-DMB-JMV, 2023 WL 5673444, at *5 (N.D. Miss. Sept. 1, 2023).

Here, the only proof in the record of service upon Chancellor Lynchard are receipts purportedly showing a registered mail delivery of the complaint in this case to Chancellor Lynchard at the Grenada County Chancery Court and the Mississippi Attorney General's Office, [Doc. 11-2, 11-3], and Plaintiff's affidavit stating that a "certified copy of the original complaint . . . was forwarded" to "Defendant" and the "Office of the Mississippi Attorney General" by "U.S. Postal Service Registered Mail" on February 23, 2024. [Doc. 11-1 at 1-2]. There is no proof in the record that the summons was ever sent or delivered to Chancellor Lynchard or the

4

Attorney General's Office. Regardless, service by registered mail upon a defendant located in Mississippi does not comply with the Federal Rules of Civil Procedure. *See Tarver v. Mims*, 2020 WL 1238170, at *4 (N.D. Miss. Mar. 13, 2020) ("[S]ervice upon an in-state defendant by certified mail is not permitted under either the Federal or the Mississippi Rules of Civil Procedure."). Plaintiff did not "deliver" a copy of the complaint and the summons to the Attorney General's Office, nor did he deliver a copy of both the summons or complaint to Chancellor Lynchard or leave a copy of both at his usual place of abode. Accordingly, there is no proof of proper service of process establishing personal jurisdiction of this Court over Chancellor Lynchard. Accordingly, for this reason alone, the Court should deny the motion for default judgment. *See Jefferson*, 2015 WL 12991123, at *1 (denying motion for default judgment without prejudice in absence of proof of proper service of process).

## II.       Plaintiff Is A Minor And Therefore Lacks The Capacity To Bring This Action.

This Court previously dismissed Plaintiff's first lawsuit on the ground that he is a minor and therefore does not have the capacity to sue in his own name. *See* McPhail v. Lynchard, NO. 4:23-CV-174-DMB-DAS [Doc. 7 ("But because McPhail still fails to pursue his claims through a next friend, guardian, or other proper representative and thus still lacks capacity to sue, this case is **DISMISSED without prejudice**.") (emphasis in original)]. Plaintiff is still a minor. [*See* Doc. 1 at 22 (alleging that Plaintiff "remains a minor")]. Under Mississippi law, the age of majority is twenty-one. *See* Miss. Code Ann. § 1-3-27. As noted above, Plaintiff was born on December 29, 2005. *McPhail v. McPhail*, 357 So. 3d 602, 620 (Miss. 2023) (Griffis, J., dissenting). Under Fed. R. Civ. P. 17(c)(2), a minor child may not sue in his own name. *See id.* ("A minor … who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem."). Because Plaintiff is a minor and again has failed to pursue his claims

5

through a next friend or guardian, he lacks the capacity to sue Chancellor Lynchard. Accordingly, this Court should deny his motion for default judgment and dismiss this case without prejudice.

## CONCLUSION

For these reasons, Defendant respectfully requests that the Court deny Plaintiff's motion for entry of default judgment [Doc. 11].

THIS the 1st day of May, 2024.

        Respectfully submitted,

        PERCY L. LYNCHARD, in his official capacity as Chancellor of the Grenada County Chancery Court, DEFENDANT

        By:    LYNN FITCH, ATTORNEY GENERAL FOR THE STATE OF MISSISSIPPI

        By:    s/Wilson D. Minor
                  WILSON D. MINOR (MSB #102663)
                  Special Assistant Attorney General

WILSON D. MINOR (MSB #102663)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-6279
Fax: (601) 359-2003
wilson.minor@ago.ms.gov

**CERTIFICATE OF SERVICE**

I, Wilson D. Minor, Special Assistant Attorney General, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record, and that I have mailed a copy of the foregoing to the following address:

Beau McPhail
143 County Road 380
Calhoun City, MS 38916

THIS the 1st day of May, 2024.

s/Wilson D. Minor<br>WILSON D. MINOR