# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**BEAU MCPHAIL**                                    **PLAINTIFF**

**VS.**                                    **CASE NO. 4:24-cv-002-DMB-JMV**

**HONORABLE STATE COURT**
**JUDGE PERCY L. LYNCHARD**                         **DEFENDANT**

---

## PLAINTIFF'S RESPONSE TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT [DOCKET ENTRY 13]

---

Comes now Beau McPhail, Plaintiff, and replies to Defendant's Response in Opposition to Plaintiff's Motion for Entry of Default Judgement [Doc. 13] and would show this Court the following:

Background

This Complaint is being brought against a state official who claims that I am a minor and that I have no right to protect myself from the state. This state official claims authority to act in my best interests by depriving me of my fundamental rights until I am 21 years old. This state official who claims to be acting in my best interests is trying to cheat me out of my day in federal court to challenge the state statutes that authorize him to violate my fundamental rights "in my best interests."

I am trapped in a corrupt scheme where every public official and every person getting paid through the scheme, including through child support payments and Title IV-D incentives to irreparably injure children, has a personal pecuniary interest in

violating my fundamental rights for money and the judge of this Court has NOT adequately demonstrated that she is free from this source of bias.

I am asserting that the corrupt scheme is NOT only a violation of my civil rights under federal civil law but also a crime under federal criminal civil rights law and I will be seeking the assistance of the US Attorney to file charges against those involved who have corrupted the judiciary for financial gain.

State judges have gone to prison for improperly placing children into for profit prisons wherein the judges financially benefitted. This scheme is little different. My father has been put in prison "in my best interests" so that Defendant could meet his quota for maximizing Title IV-D profits to the state and to provide revenue to those who make a profit from the irreparable injury of children and who have extra incentive to vote for judges who will keep the corruption moving and the money flowing.

One of the problems is that much of the Title IV-D money flows to that state's Attorney General providing a powerful pecuniary disincentive to correct this corrupt state scheme. The only independent prosecutor available is the US Attorney but the federal courts make clear beyond any doubt that they have NO interest whatsoever in protecting the constitutional rights of minor children of divorced parents. Politics being what it is, it is best for US Attorneys to pay attention to the clear message they are being sent by the federal courts.

I am asserting that the entire system is corrupt to its core and that it is a criminal conspiracy by nature. I am saying that many federal judges are directly culpable in protecting that criminal scheme from facing adequate constitutional review or from being investigated by the US Attorney's Office. I am saying that billions of dollars every

year flow solely because the federal government pays states to irreparably injure children through Title IV-D payments that incentivize due process violations.

My fit father was imprisoned for over 6 years, depriving me of his speech and association during my formative years, under the sole state justification that doing so is in my best interests, even though the Supreme Court of the United States has held, on multiple occasions, that the state lacks any legitimate interest in depriving children of fit parents and that such action can NOT even survive rational basis review.

There is a massive body of controlling Supreme Court and Fifth Circuit precedent holding that what the states are doing is unconstitutional beyond question at any standard. It is unconstitutional under standing and subject matter jurisdiction. It is unconstitutional under fundamental fairness and procedural due process because the state judges enter the proceedings predetermined to rule in favor of the state's political policy interests against the fundamental rights of litigant parents and their children and predetermined to prevent any possibility of meaningful challenge. It is unconstitutional under substantive due process because it presumptively violates fundamental rights through the use of viewpoint-based prior restraints in intimate and expressive, close family, parent-child speech, association, worship, family privacy, and parental decision-making choices. It is unconstitutional under equal protection because it punishes parents and children for the parents' exercise of otherwise lawful constitutional rights regarding their marriage to one another. It violates the Separation of Powers Doctrine because it grants legislative authority to "grant" rights to the judiciary and legislative authority to determine which of two litigants will be subject to child support statutes, and delegates political administrative, regulatory, and enforcement jurisdiction to the

same state official who holds judicial jurisdiction over the parties under the same statutes given the same facts and circumstances endowing the judge with a personal interest in protecting his or her own political policy choices, the judges are judging themselves and their own policy actions.

The state's authorized speakers, attorneys, have a substantial pecuniary interest in preserving the status quo as they make outsized profits for undersized legal representation under the unconstitutional scheme and given the barriers to entry the state has erected to protect its approved mouth pieces. I would NOT trust this Complaint to any government approved speaker.

Further, I am politically against paying someone to represent my First Amendment rights against the government where that individual waived his or her First Amendment rights in order to become government approved. I am saying that state court judges are corrupt and that federal courts are permitting this to continue for their own reasons. Attorneys are not permitted to say that corrupt judges are corrupt or say that bad judges are bad. I am saying exactly that and NO attorney would say this on my behalf.

Everybody involved in this scheme, other than one of the parents and the children, are financially enriched by these constitutional infringements and they all have personal, political, professional, pecuniary, and criminal conspiracy incentives to prevent me from having my day in federal court, from asserting my own best interests, and from regaining the companionship of my fit father.

I further object to the limitation on my First Amendment right to present my claims directly to this Court rather than being censored through a next friend or an

attorney. Censoring my speech in this manner requires compelling justification which Defendant has NOT presented.

Just for the record, this is why Americans do NOT trust the judiciary. For most Americans, if they have first-hand experience with the judiciary, it is through either traffic court or child custody court. Every single parent, winner or loser, who knows anything about how our system of government is supposed to work, knows for absolute certain that custody courts are absolutely and fundamentally corrupt and that everyone involved is in on the corruption and gets paid by the corruption. Americans don't trust the judiciary because they know first-hand that the American judiciary is deeply and profoundly corrupt at its core.

Where federal courts fail to prevent this, federal courts earn the same distrust.

State child custody judges who deprive children of First Amendment rights with their fit parents under broad discretion justified by the merely substantial state interest of pursuing the child's best interests through the use of prior restraints is nothing less than a child abuser. Because violation of First Amendment rights is lawfully irreparable injury, knowing and intentional irreparable injury of children can only be child abuse.

Defendant is asking this Court to participate in child abuse.

This is the big picture background of this case.

Argument

Plaintiff is arguing that Percy L. Lynchard is a child abuser who irreparably injures children for money and that he should be facing criminal civil rights charges for which he should be imprisoned for the same amount of time for which he has unlawfully

deprived me of my fit father without so much as a legitimate state interest or subject matter jurisdiction.

Percy L. Lynchard has personally abused me by irreparably injuring me while claiming to be acting in my best interests. He is lying about acting in my best interests and he is doing it for pecuniary gain. Percy L. Lynchard is perpetrating the worst kind of evil, abusing children for money.

*I. This Court has personal jurisdiction over Percy L. Lynchard.*

There is a kind of cosmic irony at play when Defendant asks this Court to provide him with a jurisdictional protection that he denied Plaintiff.

Defendant claims that this suit should be dismissed on jurisdictional grounds because service of process was never properly effected on Defendant.

Plaintiff claims that process was never effected on him in the state court and that he never established standing necessary to establish the state court's subject matter jurisdiction. Under Defendant's own argument, Plaintiff is entitled to relief from this Court.

The following well known statement is taken from federal court form AO 399 (01/09) Waiver of the Service of Summons:

> Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

Surely the Mississippi Attorney General's Office is familiar with the requirement of state officials to comply with Rule 4. and if they don't, they should be admonished for that failure to know the federal rules of procedure. Clearly, Defendant is attempting to take advantage of someone he claims to be a child in hope that the "child" would not know that Defendant's claim is specious and in hope that this Court would join in conspiracy with Defendant to dismiss these proceedings on that specious claim.

Plaintiff asks this Court to admonish Defendant for filing a specious jurisdictional claim in direct violation of Rule 4 of the Federal Rules of Civil Procedure, for wasting this Court's time and resources, and for seeking an open conspiracy with this Court to deprive Plaintiff of justice.

This is a classic example of state officials and state judges acting as if federal law does NOT apply to them. This is exactly the type of flagrant disregard for federal law which Plaintiff complains of in this suit. The federal questions before this Court, all raise the question of whether federal law applies to limit the state's civil law authority to violate Plaintiff's civil rights through a show trial where the state court never obtained personal jurisdiction over Plaintiff or subject matter jurisdiction through standing but nevertheless claimed to litigate Plaintiff's best interests and act in Plaintiff's best interests by depriving Plaintiff of his fit father in direct compliance with civil law mandate under an exercise of broad discretion justified only by a merely "substantial" state interest.

See <u>Palmore v. Sidoti</u>, 466 US 429 (1984), which was an appeal of a trial court's best interest of the child determination in a child custody modification proceeding incident to divorce between fit parents. The Palmore Court held the judge to be a state

actor whose best interest determination was subject to constitutional review under well-established standards of review, that the best interest governmental interest was "substantial" and not "compelling," that even if the child were harmed by marital choices those harms were not justiciable, and that the best interest determination by the trial court judge cannot overcome rights protected by the compelling state interest standard.

Defendant claims a state duty and state law mandate to act in Plaintiff's best interests and yet Defendant enters blatant falsehoods in this Court through which he attacks Plaintiff and seeks to deprive Plaintiff of his fundamental constitutional right to access this federal court to vindicate his federal rights through the First Amendment protected speech of filing a petition with this Court. Defendant as a state actor seeks to quell Plaintiff's speech in yet another in a long string of irreparable injuries to children.

Defendant asks this Court to irreparably injure Plaintiff and send Plaintiff back to his abuser so that his abuser can continue to abuse Plaintiff for cash for another three years just because "wink, wink, nod, nod" we are both judges.

Certainly, filing a petition in federal court to establish that state courts are systemically irreparably injuring children for money is at least as well protected as political speech.

*II. Plaintiff has a First Amendment protected right to bring this petition and Defendant's age limitation assertion would impermissibly create two classes of 18-year-old federal litigants, one with First Amendment rights and one without.*

It is axiomatic that the right to file petitions for relief against government action with the federal courts is protected by the First Amendment as speech and the right to petition.

It is axiomatic that arbitrary classifications of individuals for the purpose of depriving one class of First Amendment protected speech and petition rights is unconstitutional.

It is axiomatic that the question of access to the federal courts is a federal question the answer to which is NOT to be found in the Mississippi statutes, <u>Cleveland Bd. of Ed. v. Loudermill</u>, 470 US 532, 541 (1985):

> The point is straightforward: the Due Process Clause provides that certain substantive rights — life, liberty, and property — cannot be deprived except pursuant to constitutionally adequate procedures... In short, once it is determined that the Due Process Clause applies, the question remains what process is due... The answer to that question is not to be found in the Ohio statute.

Plaintiff has a federal fundamental due process right to access this Court in vindication of his federal rights. That right may NOT be infringed because of his age where others of the same age are entitled to the right. This federal right may NOT be infringed by operation of a state law, because the Supremacy Clause's rule of decision forbids it.

Further, the state has a pecuniary interest in asserting that Plaintiff remains a child because Title IV-D pays the state to irreparably injure children so that the Social Security Administration can save money in other areas. That payment is substantial, and it presents a substantial barrier to Plaintiff's ability to protect his federal rights from state action.

Defendant, in his capacity as a child custody judge, is the central essential figure in this irreparable injury of children for money scheme. It is only because he and all other state judges conspire to violate their judicial oaths that the Title IV-D money can flow under the current scheme. Like mafiosos who must commit serious crimes in front of other mafioso to ensure that if one goes down, they all go down, state court judges all across this country are actively committing crimes against the civil rights of children where if one falls, they all fall. By the time they realize what they are involved in, it is too late to get out.

Plaintiff's jurisdictional standing challenge is the thing they fear the most because with just a tiny bit of additional information, such as a claim to be acting under sovereign legislative parens patriae authority when acting in the best interests of children, it can be shown that every one of them is acting in the complete absence of judicial jurisdiction when they irreparably injure children for money. Those two elements establish that state child custody judges can be sued for damages under §1983 and that they must be denied the defense of judicial immunity.

This is why Plaintiff filed the §455 motion and why Plaintiff asks this Court to answer that motion directly and state on the record whether there is any possibility of the appearance of bias based upon the judge's past roles.

Defendant and all other Mississippi child custody judges assert broad discretion to issue viewpoint-based prior restraints against parents and their children under a merely substantial state interest as punishment of parents and children for the otherwise lawful and constitutionally protected marital choices of the parents that the state disfavors. Defendant and the state assert that it is necessary to protect these children under this scheme but not necessary to protect children of parents who make marital choices of which the state approves.

It is axiomatic that the state has NO legitimate interest in depriving children of fit parents and that such action has been held by the Supreme Court to be "illogical and unjust" as well as being contrary to the basic law and impermissible under rational basis review, Mathews v. Lucas, 427 US 495, 505 (1976):

> The Court recognized in Weber that visiting condemnation upon the child in order to express society's disapproval of the parents' liaisons is illogical and unjust. Moreover, imposing disabilities on the illegitimate child is contrary to the basic concept of our system that legal burdens should bear some relationship to individual responsibility or wrongdoing. Obviously, no child is responsible for his birth and penalizing the illegitimate child is an ineffectual—as well as an unjust—way of deterring the parent. But where the law is arbitrary in such a way, we have had no difficulty in finding the discrimination impermissible on less demanding standards than those advocated here.

See also Levy v. Louisiana, 391 US 68, 71, 72 (1968), Weber v. Aetna Casualty & Surety Co., 406 US 164, 175 (1972), Parham v. Hughes, 441 US 347, 358 (1979), Pickett v. Brown, 462 US 1, 8, 9 (1983), Cleburne v. Cleburne Living Center, Inc., 473 US 432,

453 (1985), Jimenez v. Weinberger, 417 US 628, 637 (1974), Mills v. Habluetzel, 456 US 91, 92, 93 (1982),  Gomez v. Perez, 409 US 535 (1973).

See also Stanley v. Illinois, 405 US 645, 652, 653 (1972):

> We observe that the State registers no gain towards its declared goals when it separates children from the custody of fit parents. Indeed, if Stanley is a fit father, the State spites its own articulated goals when it needlessly separates him from his family.

Why is the state of Mississippi still permitted to operate Bastardy Laws against American children when there is NO possibility whatsoever of their being lawful?

Why is a state court judge appearing before this Court and asking this Court to permit him to continue acting as the state's essential actor in its bastardy law scheme that irreparably injures children for cash?

Defendant has NO viable defense for the irreparable injury he caused Plaintiff and continues to cause Plaintiff to this day other than to ask this Court to participate in the blatantly illegal state scheme by arbitrarily discriminating against Plaintiff and arbitrarily silencing Plaintiffs voice.

Plaintiff asserts his due process right to vindicate his federal rights in this federal court relying entirely upon federal law as the Supremacy Clause demands as against Defendants attempt to continue classifying Plaintiff as a child so that Defendant can continue to abuse Plaintiff under ultra vires state authority and so that the state of Mississippi can continue collecting money from Title IV-D for abusing children at the federal government's request.

The government has not established a compelling justification for the classification asserted to deprive Plaintiff of First Amendment protected rights of access to this Court and Defendant certainly has NOT presented compelling justification.

The Social Security Administration stops benefits for children at 18 years of age, or 19 if they are still in school.[1] The Social Security Administration asserts federal authority to define the age of majority for federal benefits. Certainly, the federal courts have the same authority under their duty to apply federal law rather than state law. If the Social Security Administration cuts off child benefits at 18 then perhaps it should stop paying states to irreparably injure individuals that the state asserts to be children beyond that age.

If other 18-year-olds are considered adults under federal law, then Plaintiff must be considered an adult and afforded the same constitutional protections as are afforded those other 18-year-olds. There can be only one federal standard for access to the federal courts for the vindication of federal rights against state action. That standard can NOT be defined by state law.

Compelling justification is required for classifications that serve to deprive individuals of core First Amendment protections. Children are entitled to these protections under a well-established standard, Brown v. Entertainment Merchants Ass'n, 131 S. Ct. 2729, 2735, 2736 (2011):

---

[1]
https://www.ssa.gov/people/parents/#:~:text=Your%20child's%20benefit%20will%20continue,and%20
stays%20in%20your%20care.

> Minors are entitled to a significant measure of First Amendment protection... No doubt a State possesses legitimate power to protect children from harm... but that does not include a free-floating power to restrict the ideas to which children may be exposed. Speech that is neither obscene as to youths nor subject to some other legitimate proscription cannot be suppressed solely to protect the young from ideas or images that a legislative body thinks unsuitable for them... The State must specifically identify an actual problem in need of solving... and the curtailment of free speech must be actually necessary to the solution...

The state of Mississippi asserts unbridled discretion to issue prior restraints limiting speech of disfavored parents solely because the state believes that children must be protected from the speech of fit parents the state disfavors.

Defendant is asking this Court to deprive Plaintiff of his speech and petition rights without specifically identifying a problem in need of solving and demonstrating that depriving Plaintiff of speech and petition rights is necessary to solve that problem.

Defendant wants this Court to exercise the same broad unjustified discretion he exercises to deprive Plaintiff of the same First Amendment rights that Defendant deprives Plaintiff of because he's a judge and is a member of the same club as the judge of this Court and federalism and every other meaningless unconstitutional excuse.

This Court has the jurisdiction necessary to answer the federal questions raised and Defendant asks this Court to refuse to exercise that jurisdiction without providing a constitutionally valid excuse. While Howlett addresses primarily state court jurisdiction to exercise federal question jurisdiction, the mandate that federal courts exercise the jurisdiction they possess when presented with a proper cause of action is the same, Howlett v. Rose, 496 US 356, 372, 373 (1990):

These principles are fundamental to a system of federalism in which the state courts share responsibility for the application and enforcement of federal law... The existence of the jurisdiction created an implication of duty to exercise it...

The only way this Court can grant the relief for which Defendant pleads is if this Court were to deprive Plaintiff of First Amendment protections based upon an arbitrary classification which would irreparably injure Plaintiff and result in a jurisdictional violation for this Court failing to exercise jurisdiction it clearly has that Plaintiff is clearly entitled to receive.

As for collaterally attacking Defendant's state court order, Defendant never had any form of judicial jurisdiction over Plaintiff, who was never served and who did NOT establish standing. Therefore, the asserted orders are merely advisory orders at best having NO legal authority to bind Plaintiff's rights or his father's rights. Plaintiff's father is imprisoned under political orders taken in vindication of the state's civil law policy agenda for which he has been denied any possibility of challenging in a court of law.

Advisory orders of this nature are entirely subject to collateral attack as they are NOT binding law and have NO legal effect.

Defendant asserts that he held Plaintiff's father in "criminal contempt" but Defendant denied Plaintiff's father the services of an attorney. If Defendant isn't lying here, he violated Plaintiff's father's right to the services of an attorney in a criminal proceeding.

Even under civil contempt standards, state judges are NOT permitted to compel individuals to purge themselves "of contempt of all prior orders" but must enter the precise

elements necessary to secure release of civil contempt in the contempt order itself. Defendant's contempt orders are void on their face and today Plaintiff's father has NO idea why he is still incarcerated and has been denied a hearing to clarify the issue by Defendant who clearly keeps him imprisoned for political rather than judicial purposes. Or there is some deeper unlawful motive yet to be discovered.

The reality is that Defendant's illegal political imprisonment of Plaintiff's fit father illegally deprives Plaintiff of his fit father causing Plaintiff ongoing irreparable injury for which he seeks immediate declaratory relief from this Court holding that because standing is an essential element of a Mississippi court's subject matter jurisdiction under state law and because Plaintiff has demonstrated that he never established standing, that the state court acts in the absence of subject matter jurisdiction to imprison Plaintiff's fit father "in Plaintiff's best interests."

What this Court should NOT lose site of is the simple fact that the very basis of the state court's statutory authority is facially unconstitutional and at NO point in time was Defendant ever pursuing a legitimate state interest much less a judicial interest.

Consequently, Defendant is being sued in his official political policy vindication role to challenge the state statutes, NOT his official judicial role in challenge to his orders. It is because the state statutes are unconstitutional as a political matter that Defendant's claims to have issued judicial orders must fall because NO jurisdiction of the causes may be obtained where the underlying statutory authority is a nullity and the issuance of dispositional orders was a legal impossibility.

As the sole state official holding political jurisdiction to administer, regulate, and enforce the Mississippi family law code against this family under the given facts and

circumstances, Defendant is a proper party to sue to challenge the constitutionality of the Mississippi family law code. The fact that Defendant nullified his own judicial jurisdiction by accepting a conflicting political policy vindication role does NOT alter the legal fiction that permits individuals to sue state officials for their ultra vires actions.

Plaintiff reasserts his 18 U. S. C. 455 claims on this basis. If Defendant's actions are held to be political and ultra vires rather than judicial, the possibility of damages against Defendant becomes at issue.

<u>Conclusion</u>

If I am a child, then Defendant is a child abuser because that is what you label a person who intentionally irreparably injures children. Defendant should be facing criminal civil rights and child abuse charges for what he did to me while he was claiming to be acting as a judge in my best interest by depriving me of a fit father. Depriving a child of a fit father has been labeled illogical, unjust, contrary to the basic law, and unsupportable even under rational basis review. This is what Defendant does on a typical day and he should not be immune from those actions.

I am one of the children that Defendant claims to have protected by acting in their best interests and I am saying that Defendant should be in prison for what he did to me "in my best interests." The least this Court can do is declare that he acted without subject matter jurisdiction where neither I nor anybody on my behalf ever established any concrete injury of any kind much less any concrete injury traceable to my fit father.

My fit father has been in prison for more than six years because the state of Mississippi and Defendant presume authority to imprison him under judicial contempt charges where NO judicial jurisdiction was ever established in this case. The state of

Mississippi and Defendant presumed that they could compel my father to prove his fitness as a father for no other reason than that he and my mother divorced, an act that can have NO legal impact whatsoever on my rights to either of them or their rights to me.

The least this Court can do is to declare that parent-child speech and associational rights are "individual" "private" First Amendment protected rights that do NOT depend upon marriage between parents and can NOT be denied because those parents divorce one another. This shouldn't be difficult as the Supreme Court has held so many times over.

The state of Mississippi and Defendant claim state authority to impose viewpoint-based prior restraints against parent and child First Amendment protected interests under an exercise of broad discretion justified by the state's merely substantial state interest in pursuing the best interests of children where that interest is de minimis against fit parents and they claim that this "protection" is necessary for the class of children whose parents the state despises for their marital choices but for no other children.

The least this Court can do is to restate <u>Griswold v. Connecticut</u>, 381 US 479, 497 (1965):

> a governmental purpose to control or prevent activities constitutionally subject to state regulation may not be achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms.

I am being irreparably injured by Defendant and the state of Mississippi where the state has zero legitimate interest to act against me or my fit father. I have proven that I

will prevail in an honest tribunal. It is axiomatic that the highest duty of this Court and of state courts is to prevent the violation of constitutional rights and it is a fact that Defendant is violating my rights and my father's rights without jurisdiction and without justification under any standard of constitutional review.

The least this Court can do is to issue an immediate declaratory relief order to that effect and convey to Defendant that his orders issued under these conditions are a nullity and must be immediately vacated or injunctive relief will issue.

The way I see it, this Court has adequate jurisdiction to provide this relief and no constitutionally permissible excuse not to exercise this discretion. Federalism does NOT extent to protect blatant structural systemic violations of federal rights by state courts and the Supreme Court has clearly held that 42 U. S. C. 1983 was specifically created to protect against such violations. This Court has an unflinching duty to put an immediate stop to the irreparable injury being done to me in this case.

For these reasons, Plaintiff respectfully requests that the Court deny Defendant's requests and schedule this proceeding to continue against Defendant in his official capacity as the state's political policy vindication agent tasked with administering, regulating, and enforcing the state's family law code against Plaintiff and his family.

Respectfully submitted,

By: /s/ Beau McPhail

Beau McPhail, Litigant Pro Se
143 CR 380
Calhoun City, MS 38916
662.417.5259
kobwren@gmail.com

## **CERTIFICATE OF SERVICE**

I, Beau McPhail, hereby certify that I have mailed a copy of the foregoing document to the following address:

Judge Percy L. Lynchard
P.O. Box 340
Hernando, MS 38632

Mississippi Attorney General, Lynn Fitch
Office of the MS Attorney General
550 High Street
Jackson, MS 39201

This the 24ᵗʰ day of May, 2024.

/s/ Beau McPhail

Beau McPhail, Pro Se
143 CR 380
Calhoun City, MS 38916

662.637.7207
mcphailbeau@gmail.com



Utility Mailer
10 1/2" x 16"

CERTIFIED MAIL

9569 0710 5270 1279 6274 36

FROM:
Beau McPhail
143 County Road 580
Calhoun City, Mississippi
38916

TO:
New District Northern Ms
Federal District Court
Federal Building
911 Jackson Ave East
Oxford, Ms 38655

Ready

United States
Postal Service

RDC 03