United States District Court for the Northern District of Mississippi

RP

Beau McPhail          Petitioner

v.

**RECEIVED**
JUN 20 2024
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

Cause no: 4:24-cv-0002

Percy L. Lynchard          **RESPONDENT**

## SPECIAL PROVISIONAL APPEARANCE OF RONALD PALMER AS NEXT FRIEND OR NON-ATTORNEY COUNSEL FOR BEAU MCPHAIL

Comes now Ronald Palmer and makes this special appearance as provisional Next Friend or Non-attorney Counsel for Beau McPhail if and only if this Court deprives Beau McPhail of the same rights to vindicate his federal rights in a federal court to which other men of his age are entitled.

I am a friend to Beau McPhail and to his fit father and have the consent of both Beau McPhail and Justin McPhail to represent Beau if his equal rights to defend himself are denied.

It would be my privilege to help this Court come to the realization that there exists NO domestic relations exemption to the Supremacy Clause, that state court judges have NO claim to absolute immunity when they enter proceedings predisposed to vindicate civil law political policy interests against litigants before their courts where they deprive those litigants of their fundamental right to litigate their conflict of federally protected fundamental rights and where they de facto terminate those rights upon the mere filing of a petition for child custody.

I have written four books on constitutional issues related to family law. I have sued the Unauthorized Practice of Law Committee in a federal district court, and they ceased all further interference of my activities because before dismissing my challenge as unripe, the federal Magistrate made clear that was likely to prevail on my prior restraint and separation of powers challenges to the Texas Unauthorized Practice of Law statute. I have some knowledge of the federal rules of civil procedure and extensive knowledge of the United States Constitution as it applies to domestic relations issues.

I also have an ongoing civil suit in a federal district court suing officers of and the city of Corinth Texas for civil rights violations. In that suit I have directly challenged absolute immunity as being nonjusticiable by federal court judges because they share a pecuniary interest with defendants in preserving immunity against any constitutional challenge which mandates recusal under 28 U. S. C. 455.

Naturally all federal judges share the same impermissible conflict of interest on this issue and should they all recuse, the very purpose of the federal judiciary would be defeated. This is an action that is inconsistent with the judicial oath and is NOT a constitutionally permissible outcome. The only possible way in which federal judges can comply with their judicial oaths is to declare the immunity defense to be nonjusticiable.

Contrary to current precedent on this issue, Congress has spoken decisively on the issue of 42 U. S. C. 1983 immunity by establishing 28 U. S. C. 455 under the established judicial principle that the federal code must be read in unison as one body of law. Consequently, failure to either recuse or declare immunity nonjusticiable, becomes an act of judicial bad behavior for which impeachment becomes a viable to redress that behavior.

I raise this issue NOT to pursue my own interests but because it will certainly become an issue in Beau's case where he is suing a state court judge who willingly irreparably injures children for money because he feels himself immune to any consequences for what is certainly a criminal violation of civil rights. I also raise this issue to demonstrate my competence to make reasoned legal arguments and my command of the relevant law.

If Beau is correct in asserting that he never established standing, as the record attests, then the defendant judge never held judicial jurisdiction to litigate his best interests and the actions taken by that judge were functionally political rather than judicial.

While there may be circumstances, in the absence of fit parents, where it may be legitimate for a judge to address a child's best interests, the very idea of "best" defies quantification sufficient to make it a justiciable question. "Best" in general is an arbitrary viewpoint-based concept. The "best interests of a child" is a viewpoint-based concept that is deeply rooted in matters of conscience in child-rearing that NO government official is ever entitled to contradict, overrule, or impose against the rights of any individual and certainly NOT against fit parents holding fully vested, federally protected, individual, fundamental parental authority to make those determinations as parent of first resort.

The federal constitution fully protects the right of parents and children to have and to maintain intimate and expressive, close family, parent-child relationships wherein their rights to speak with one another, to associate with one another, to worship

together with one another, and to share family privacy with one another as fundamentally protected as First Amendment interests.

The fundamental rights of parents to make parental choices for their minor children is a protected privacy right that demands strict scrutiny protections.

The right of individuals to associate in marital relationships, NOT to associate in marital relationships, and to end marital relationships are First Amendment protected speech and association rights the exercise of which may NOT be punished by the state, longstanding state practices violating this right notwithstanding.

The right of parents to disagree is a First Amendment protected interest. The right of parents to disagree regarding matters of conscience in child-rearing is absolutely protected as a matter of conscience. Punishment of mere disagreement demands strict scrutiny protection while there exists NO circumstances under which the state may ever punish disagreement regarding matters of conscience in child-rearing.

These are the basic elements of Beau's case, and the basic law is well-established in this regard. Far too often, courts have operated upon the presumption that the longstanding state practice of punishing children for the marital sins of their parents is an exception to the Supremacy Clause. The United States Supreme Court resoundingly overruled this false presumption in the 1970's.

Somehow the practice of punishing children for the marital sins of their parents continues unabated where states have simply ceased using the term "illegitimate child" while continuing unabatedly imposing the exact same punishments on children in child custody cases between fit parents. There is NO question but that the state of

Mississippi's family law code is facially unconstitutional and can NOT survive even rational basis review where it deprives children of fit parents for no other reason than that their parents made marital choices the state disfavored or where it de facto terminates those rights upon the mere filing of a child custody petition where NO burden of proof of any kind is applied against the state's assertion of authority to regulate fundamental rights through the use of viewpoint-based prior restraints on parent-child speech, association, worship, and family privacy.

In any court where the historical, religious, and other biases against marital choices and family choices can be corrected for, Beau is certainly likely to prevail in his suit. Beau has certainly been irreparably injured by Defendant and by the Mississippi family law code. It is certainly in the public interest to prevent further violation of Beau's constitutional rights. And the state can demonstrate NO legitimate state interest in irreparably injuring Beau by violating his rights with his fit parents, even upon the request of a parent.

Let us not forget that the Fourteenth Amendment imposes NO limitations on the authority of Beau's Mother as a private party to ask a state court judge to limit Beau's Father's rights. However, the Fourteenth Amendment absolutely places limits on the state actions that the Mississippi family law code may authorize, upon the means by which that family law code may achieve its asserted interests, and against the Defendant's state action in vindicating that civil code's political agenda against Beau's and his Father's rights.

The Fourteenth Amendment protects against state action, not private action,[1] and the United States Supreme Court has directly held in a child custody modification appeal pursuant to divorce between fit parents that the child custody judge and the child custody court are unquestionably state actors, that the best interest determinations issued are unquestionably subject to established standards of constitutional review, and that there are many injuries children may suffer that courts have NO jurisdiction to remediate. Protecting children from their parent's choice to divorce is certainly one of these nonjusticiable injuries.

I will gladly represent Beau's interests in these proceedings as Next Friend or as Non-attorney counsel should it be necessary for me to do so. If the federal government forces Beau to have representation, then I will represent him for a fee of $350.00 per hour which is my standard rate for my services and when Beau prevails, he will be seeking to recover these fees from Defendant.

Even friends expect some form of compensation for helping friends even if it is merely a shared pizza and six-pack. This is to be expected even more where the help is of a professional nature dependent upon that friend's professional knowledge and experience for which he invested considerable time, effort, and expense to obtain.

I submit this special appearance to assert my provisional agreement to represent Beau McPhail in these proceedings so that this Court should NOT summarily dismiss this suit by an unconstitutional assertion of Beau's minority under federal law.

---

[1] Except where State Action Doctrine conditions have been met, which is the subject of one of my books.

Respectfully submitted by:

/s/ Ronald Palmer

Ronald Palmer
Provisional Next Friend or Non-attorney Counsel
214.215.5412
Ron@RonBPalmer.com

## CERTIFICATE OF SERVICE

I, Justin McPhail, do hereby certify that true and correct copy of this document was sent by first class mail, postage prepaid, to the following recipients:

Hon. Judge Percy L. Lynchard
PO Box 340
Hernando, MS 38632

This the 20th day of June, 2024.

By: /s/ Ronald Palmer

Ronald Palmer
Provisional Next Friend or
Non-attorney Counsel
214.215.5412
Ron@RonBPalmer.com