IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BEAU MCPHAIL**                                                                                                  **PLAINTIFF**

**VS.**                                  **CIVIL ACTION NO.: 4:24-cv-2-DMB-JMV**

**PERCY L. LYNCHARD**                                                       **DEFENDANT**

## ORDER DENYING PLAINTIFF'S MOTION FOR SPECIAL PROVISIONAL APPEARANCE OF RONALD PALMER AS NEXT FRIEND OR NON-ATTORNEY COUNSEL FOR BEAU MCPHAIL

This matter is before the court on the motion [Doc. 16] of the *pro se* Plaintiff for "Special Provisional Appearance of Ronald Palmer as Next Friend or Non-Attorney Counsel for Beau McPhail" in the above-styled action. In this action, the *pro se* Plaintiff asserts various claims related to child custody and child support determinations associated with his parents' divorce. For the reasons stated below, the court finds that the motion shall be **denied**.

At the outset, the Court notes that the *pro se* Plaintiff is not proceeding *in forma pauperis,* is not represented by a parent or guardian, and has not requested appointment of an attorney. The *pro se* Plaintiff alleges in an affidavit attached to his complaint that he is a resident of Grenada County, Mississippi, and he provides a date of birth that would make him eighteen years old.[1]

In the instant motion entitled, "Special Provisional Appearance of Ronald Palmer as Next Friend or Non-Attorney Counsel for Beau McPhail," [Doc. 16] Ronald Palmer admits that he is not an attorney and seeks only to be appointed as next friend or non-attorney counsel for McPhail. He states, "I am friend to Beau McPhail and to his fit father and have the consent of both Beau

---

[1] Ex. A to [Doc. 1]. The Court recognizes that residence does not equate to domicile under federal law; however, no alternate domicile has been alleged. Mississippi law controls on an individual's capacity to maintain a suit according to Rule 17(b) of the Federal Rules of Civil Procedure; an individual's capacity to sue or be sued is determined "under the law of [their] domicile." *Magallon v. Livingston*, 453 F.3d 268, 271 (5th Cir. 2006) (citing *Thomas v. Humfield*, 916 F.2d 1032, 1034 (5th Cir. 1990)). In Mississippi, the age of majority is twenty-one (21). *Pierson v. Allison*, 2009 WL 3049220, at *2 (S.D. Miss. Sept. 17, 2009); Miss. Code Ann. § 1-3-27.

McPhail and Justin McPhail to represent Beau if his equal rights to defend himself are denied." [Doc. 16] at 1. No information is provided as to the consent, or lack thereof, of Plaintiff's mother. Palmer further states as follows: "I will gladly represent Beau's interests in these proceedings as Next Friend or as Non-attorney counsel should it be necessary for me to do so. If the federal government forces Beau to have representation, then I will represent him for a fee of $350.00 per hour which is my standard rate for my services and when Beau prevails, he will be seeking to recover these fees from Defendant. Even friends expect some form of compensation for helping friends even if it is merely a shared pizza and six-pack." [Doc. 16] at 6.

Rule 17(c) of the Federal Rules of Civil Procedure provides as follows: "A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a *guardian ad litem*." With regard to the requirements for a "next friend," the Supreme Court of the United States has reasoned as follows:

> First, a "next friend" must provide an adequate explanation such as inaccessibility, mental incompetence, or other disability why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

*Pinkston v. Smith*, 2015 WL 7289501, at *1 (S.D. Miss. Nov. 17, 2015), citing *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990); *see also*, *T.W. v. Brophy,* 954 F. Supp. 1306 (E.D. Wis. 1996) (disallowing a child advocate to act as next friend of a minor). Importantly, "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Roberts v. McDonough*, 2008 WL 2557537, at *2 (N.D. Fl. June 24, 2008). The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court. *See Aguilar v. Bragg*, 463 F. App'x 333, 334 (5th Cir. 2012).

2

In the instant motion, Ronald Palmer alleges that he has "written four books on constitutional issues related to family law." [Doc. 16 at 2]. He also states that he has "sued the Unauthorized Practice of Law Committee in a federal district court" and has "some knowledge of the federal rules of civil procedure and extensive knowledge of the United States Constitution as it applies to domestic relations issues." *Id.* What is glaringly absent in the instant motion is that Ronald Palmer does *not* allege that he has a significant relationship with the Plaintiff, only that he is a "friend to Beau McPhail and his fit father and have the consent of both Beau McPhail and Justin McPhail to represent Beau." [Doc. 16 at 1].

Such an allegation does not establish a significant relationship between Ronald Palmer and the Plaintiff. Ronald Palmer is a non-attorney and, it appears, is requesting a fee of $350.00 per hour for his proposed "services" as next friend. A licensed attorney serving as *guardian ad litem* may seek compensation for the services rendered to a minor. *Gaddis v. United States*, 381 F.3d 444, 454 (5th Cir. 2004). However, the Court is unaware of any precedent allowing a next friend to receive compensation for their appointment.

As for the request that Ronald Palmer be appointed as Plaintiff's "non-attorney counsel," non-attorneys cannot litigate the interests of others. *Raskin on behalf of JD v. Dallas Indep. Sch. Dist.,* 69 F.4th 280, 283 (5th Cir. 2023). In fact, the Fifth Circuit has stated that "individuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law." *Pinkston v. Smith*, 2015 WL 7289501, at *2 (S.D. Miss. Nov. 17, 2015), citing *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978). In *Pierson v. Allison*, the United States District Court for the Southern District of Mississippi quoted the rationale of the Third Circuit on this issue as follows: "It goes without saying that it is not in the interest of minors or

3

incompetents that they be represented by non-attorneys." 2009 WL 3049220, at *3 (S.D. Miss. Sept. 17, 2009).

Thus, the instant motion must be denied because Ronald Palmer has not established a significant relationship with the Plaintiff in order to be appointed as next friend, and Plaintiff may not be represented by a non-attorney.

**IT IS, THEREFORE, ORDERED** that the "Special Provisional Appearance of Ronald Palmer as Next Friend or Non-Attorney Counsel for Beau McPhail" [Doc. 16] is hereby **DENIED**.

**SO ORDERED** this, the 29th day of July, 2024.

/s/Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**