IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BEAU MCPHAIL**                                                                  **PLAINTIFF**

**V.**                                              **NO. 4:24-CV-2-DMB-JMV**

**HONORABLE STATE COURT**
**JUDGE PERCY L. LYNCHARD**                                        **DEFENDANT**

## ORDER

On January 9, 2024, Beau McPhail filed in the United States District Court for the Northern District of Mississippi a pro se "Petition for Declaratory and Injunctive Relief" against "Honorable State Court Judge Percy L. Lynchard," alleging various claims related to state court child custody and child support determinations associated with his parents' divorce. Doc. #1. McPhail filed a motion for entry of a default judgment against Lynchard on April 30, 2024. Doc. #11. In his May 1 response and memorandum brief opposing McPhail's motion for default judgment, Lynchard argues, among other things, that McPhail lacks capacity to sue because he is a minor. Doc. #13 at 1; Doc. #14 at 1, 5–6.

On June 20, 2024, McPhail filed a pro se motion for "Special Provisional Appearance of Ronald Palmer as Next Friend or Non-Attorney Counsel."[1] Doc. #16. On July 29, 2024, United States Magistrate Judge Jane M. Virden denied McPhail's June 20 motion for failure to establish a significant relationship between McPhail and Palmer, and because non-attorneys may not litigate the interests of others. Doc. #17 at 4. The order noted that (1) McPhail alleges in an affidavit attached to his petition that he is a resident of Grenada County, Mississippi, and provides a

---

[1] The document, including its certificate of service, is purported to be signed by "/s/ Ronald Palmer," but based on the handwriting "RP Beau McPhail" or "RP" beside such signature (and because it appears there is no one named Ronald Palmer with credentials to electronically file documents in this Court's CM/ECF system), the document was signed only by McPhail. Doc. #16 at PageID 153, 154.

birthdate that would make him eighteen years old; (2) pursuant to Federal Rule of Civil Procedure 17(b), an individual's capacity to sue or be sued is determined by the law of his domicile;[2] and (3) the age of majority in Mississippi is twenty-one. *Id.* at 1 & n.1.

To the extent McPhail is a minor who, as of the date his petition was filed, had not reached the age of majority and is not represented by counsel, he must sue by a next friend or guardian.[3] Accordingly, within fourteen (14) days of the entry of this order, McPhail is **ORDERED TO SHOW CAUSE** why this case should not be dismissed without prejudice for lack of capacity to sue. Given the pending capacity issue, McPhail's motion for default judgment [11] is **DENIED without prejudice**.[4]

**SO ORDERED**, this 30th day of July, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] Judge Virden's order pointed out that "residence does not equate to domicile under federal law; however, no alternate domicile has been alleged." Doc. #17 at 1 n.1.

[3] A minor child does not have the capacity to sue on his or her own behalf. *See* Fed. R. Civ. P. 17(c)(2) ("A minor … who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem."). When a minor child attempts to sue without a next friend or guardian ad litem, a court should either (1) dismiss the case without prejudice so that the minor can refile with representation or refile when he or she reaches the age of majority, or (2) request counsel to represent the minor pursuant to 28 U.S.C. § 1915(e)(1) if the minor is indigent and the case presents "exceptional circumstances." *Pierson v. Allen*, No. CIV.A. 1:08-cv-208, 2009 WL 3049220, at *3 (S.D. Miss. Sept. 17, 2009); *see Osei-Afriyie v. Medical College*, 937 F.2d 876, 883 (3d Cir. 1991) (remanding case to district court to determine whether dismissal or appointment of counsel pursuant to 28 U.S.C. § 1915 was appropriate after concluding minor could not be represented by pro se parent); *see also Bohannan v. Doe*, 527 F. App'x 283, 288 (5th Cir. 2013) ("A civil rights complainant has no right to the automatic appointment of counsel unless the case presents exceptional circumstances.").

[4] If McPhail lacks capacity to sue, he also lacks capacity to seek any relief from the Court in this case.