IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BEAU MCPHAIL**                                                                                          **PLAINTIFF**

**V.**                                                                              **NO. 4:24-CV-2-DMB-JMV**

**HONORABLE PERCY L. LYNCHARD**                                                    **DEFENDANT**

**ORDER**

This Court ordered Beau McPhail, a minor, to show cause why this case should not be dismissed due to his lack of capacity to sue. Because McPhail fails to show cause, this case will be dismissed without prejudice.

**I**
**Procedural History**

On January 9, 2024, Beau McPhail filed a pro se "Petition for Declaratory and Injunctive Relief" against "Honorable State Court Judge Percy L. Lynchard," alleging various claims related to state court child custody and child support determinations associated with his parents' divorce.[1] Doc. #1. In an affidavit attached to his complaint, McPhail avers that he is seventeen years old at the time of filing. Doc. #1-1 at PageID 69.

On June 20, 2024, McPhail filed as a pro se motion a document titled, "Special Provisional Appearance of Ronald Palmer as Next Friend or Non-Attorney Counsel for Beau McPhail."[2] Doc.

---

[1] McPhail previously filed suit against Lynchard in this federal district regarding the same matters but that case was dismissed without prejudice due to McPhail's lack of capacity to sue and failure to sue through a next friend or guardian ad litem. *See McPhail v. Lynchard*, No. 4:23-cv-174, 2023 U.S. Dist. LEXIS 179850 (N.D. Miss. Oct. 5, 2023).

[2] As noted in this Court's July 30 order, "[t]he document, including its certificate of service, is purported to be signed by '/s/ Ronald Palmer,' but based on the handwriting 'RP Beau McPhail' or 'RP' beside such signature (and because it appears there is no one named Ronald Palmer with credentials to electronically file documents in this Court's CM/ECF system), the document was signed only by McPhail." Doc. #16 at PageID 153, 154.

#16. United States Magistrate Judge Jane M. Virden denied the June 20 pro se motion on July 29, 2024, for failure to establish a significant relationship between McPhail and Palmer, and because non-attorneys may not litigate the interests of others. Doc. #17 at 4.

The next day, this Court ordered McPhail to show cause within fourteen days why this case should not be dismissed without prejudice for his lack of capacity to sue.[3] Doc. #18. On August 12, 2024, McPhail filed "Plaintiff's Challenges to Orders [17, 18]," Doc. #21, which the Court construes as his response to the show cause order.

## II
## Discussion

In his show cause response, McPhail argues:

> Federal Rule of Federal Procedure 17(b) is unconstitutional as applied by this court to [him] in this case because it grants the state legislature of Mississippi illegitimate authority to define [his] fundamental right of access to a federal court and his First Amendment protected right to petition this court in a manner that impermissibly classifies him as a being without the same fundamental right to access to federal courts and the same fundamental right to petition federal courts as 18-year-olds in other states.

Doc. #21 at 2. Fundamentally, it seems McPhail contends an equal protection violation would occur if the Court enforced Rule 17(b) against him.[4] *Id.* at 3, 21, 28.

To establish an equal protection claim, McPhail must show, among other things, that he is a member of a suspect class treated differently from other similarly situated persons such that he is denied a fundamental right. *Big Tyme Invs., L.L.C. v. Edwards*, 985 F.3d 456, 468 (5th Cir. 2021). Being under the age of majority is not a suspect class and McPhail cites no authority that it is. *See, e.g., Qutb v. Strauss*, 11 F.3d 488, 492 (5th Cir. 1993) ("In this case, no one has argued,

---

[3] The Court also denied McPhail's motion for default judgment without prejudice "[g]iven the pending capacity issue." Doc. #18 at 2.

[4] McPhail also seems to raise a due process argument. *See, e.g.*, Doc. #21 at PageID 165. However, this Court has provided McPhail with numerous opportunities to address his lack of capacity to sue.

and correctly so, that a classification based on age is a suspect classification."). Nor does McPhail cite any authority that the difference between Mississippi residents and residents of other states who construe the age of majority as eighteen creates a suspect class under the Equal Protection Clause. *See Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 313 (1976) (suspect class is one "saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated to such a position of political powerlessness as to command extraordinary protection from the majoritarian political process."). So while a federal court should not apply a federal rule of civil procedure if such application violates the Constitution or the Rules Enabling Act, *Douglas v. NCNB Tex. Nat'l Bank*, 979 F.2d 1128, 1130 (5th Cir. 1992), McPhail has not shown that applying Rule 17(b) to him results in such. *See* Fed. R. Civ. P. 17(b) advisory committee's note to 1937 amendment (referencing Charles E. Clarke & James Wm. Moore, *A New Federal Civil Procedure, II. Pleadings and Parties*, 44 Yale L.J. 1291, 1312–313 (1935) (Subsection b of Rule 17 furthers a legitimate state interest of ensuring procedural uniformity in federal courts as an independent forum by aligning practice with the law of a litigant's domicile)). Consequently, McPhail has not shown cause to avoid the dismissal of his complaint for lack of capacity to sue.

### III
### Conclusion

For the reasons explained above, this case is **DISMISSED without prejudice**.

**SO ORDERED**, this 27th day of January, 2025.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**