RECEIVED

FEB 13 2025

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BEAU MCPHAIL                                                    PLAINTIFF

VS.                                               CASE NO. 4:24-cv-002-DMB-JMV

HONORABLE STATE COURT
JUDGE PERCY L. LYNCHARD                               DEFENDANT

## PLAINTIFF'S MOTION TO RECONSIDER DISMISSAL ON MERITS

Comes now...

On January 27, 2025, this Court denied Beau McPhail his enumerated First Amendment protected right to petition this Court to redress his grievances asserting that Mississippi state law violated his fundamental rights. This Court applied rational basis review to deny Mr. McPhail's fundamental right of petition. Further, this Court impermissibly narrows the scope of equal protection to apply only to protect suspect classes and NO other classes with this statement:

To establish an equal protection claim, McPhail must show, among other things, that he is a member of a suspect class treated differently from other similarly situated persons such that he is denied a fundamental right.

This Court holds that a limited ban on the fundamental right to petition this Court as applied only to 18-to-20-year-olds is NOT an infringement on the First Amendment rights of Mr. McPhail to access the federal district courts to redress violations of his fundamental federal rights imposed by the state of Mississippi

BM MOTION TO RECONSIDER                                                                  1

On January 30, 2025, the Fifth Circuit issued orders that directly refute this Courts order. The Fifth Circuity summarily rejected the assertion that the amendment's rights were not violated by the age restriction and held that First Amendment guarantees apply even to minors:

The government argues that a limited ban on the purchase of handguns from FFLs is not an infringement on the Second Amendment rights, and in any event eighteen-to-twenty-year-olds are not among "the people" protected by the right. We reject these points, then move to Bruen's second inquiry...

Moreover, in the unamended Constitution and Bill of Rights, the phrase "right of the people" appears in the First Amendment's Assembly and-Petition Clause, the Fourth Amendment's Search-and-Seizure Clause, and the Ninth Amendment. Heller, 554 U.S. at 579, 128 S. Ct. at 2790. All of these references confer "individual rights" and undoubtedly protect eighteen-to-twenty-year-olds as much as twenty-one-year-olds. In fact, with modifications, the rights they confer extend to younger minors. See, e.g., Erznoznik v. City of Jacksonville, 422 U.S. 205, 212, 95 S. Ct. 2268, 2274 (1975) ("[M]inors are entitled to a significant measure of First Amendment protection."); New Jersey v. T.L.O., 469 U.S. 325, 337, 105 S. Ct. 733, 740 (1985) (school-age children are protected by the Fourth Amendment, with greater permissible intrusions in the school context).

The First Amendment's Petition Clause confers "'individual rights' and undoubtedly protects eighteen-to-twenty-year-olds as much as twenty-one-year-olds." This Court's contrary holding is clearly and indisputably an error in law that is an abuse of its discretion.

Under this Court's nonsensical and unreasoned order, Mr. McPhail can legally purchase a gun in Mississippi as an 18-year-old but if he were denied the right to purchase a gun in Mississippi, this Court would deny him federally constitutionally mandated relief by asserting that a mere judicial rule and a mere state statute nullify Mr. McPhail's right to access this Court to defend his rights against government action. Mr. McPhail would then have the meaningless and unenforceable right to buy a gun, and the Second Amendment would be nullified as applied to Mr. McPhail and 18-year-old in Mississippi but NOT to other similarly situated 18-year-olds in Texas or Louisiana. The Fifth Circuit explains why this Court's logic must fail:

Contrary to the district court's assumption, the government denies that the plain text of the Second Amendment "establish[es] a right" to purchase firearms "at any time from any source." It emphasizes that § 922(b)(1) only limits the sale of handguns by a "particular type of seller" (FFLs) to a "particular class of buyers(under-21-year-olds)." Of course, the words "purchase," "sale," or similar terms describing a transaction do not appear in the Second Amendment. But the right to "keep and bear arms" surely implies the right to purchase them. See Luis v. United States, 578 U.S. 5, 26, 136 S. Ct. 1083, 1097 (2016) (Thomas, J., concurring) ("Constitutional rights . . . implicitly protect those closely related acts necessary to their exercise."); see also Teixeira v. Cnty. of Alameda, 873 F.3d 670, 677 (9th Cir. 2017) ("[T]he core Second Amendment right to keep and bear arms for self-defense 'wouldn't mean much' without the ability to acquire arms.") (quoting Ezell v. City of Chicago, 651 F.3d 684, 704 (7th Cir. 2011)); Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 96 (2012) (When "a text authorizes a certain act, it implicitly authorizes whatever is a necessary predicate of that act.").

The Omitted Case Canon does NOT permit a federal court rule to impose an age restriction on a First Amendment enumerated right where the plain text of the amendment does NOT support an age restriction, id.:

There are no age or maturity restrictions in the plain text of the Amendment, as there are in other constitutional provisions. See, e.g., U.S. Const. art. I, § 2, cl. 2 (members of the House of Representatives must be at least 25 years old). This suggests that the Second Amendment lacks a minimum age requirement. See, e.g., Scalia & Garner, supra, at 93–100 (discussing the "omitted-case canon—the principle that what a text does not provide is unprovided").

Defendant argues that because Mr. McPhail does NOT "enjoy the full range of civil and political rights" in Mississippi that Mr. McPhail is "not a part of 'the people' for [First] Amendment purposes." That argument can NOT prevail because the First Amendment Right of Petition "is exercised individually and belongs to all Americans," id.:

"in all six other provisions of the Constitution that mention 'the people', the term unambiguously refers to all members of the political community, not an unspecified subset." ... In sum, "the people" is a term of art that refers to a "class of persons who are part of a national community or who have otherwise developed sufficient connection with this country to be considered part of that community." On examining the constitutional text, Heller "start[ed] therefore with a strong presumption that the Second Amendment right is exercised individually and belongs to all Americans."

Unless this Court is holding that the First Amendment does NOT individually protect the private rights of "all Americans," the First Amendment MUST individually

protect Mr. McPhail's personal right to petition this Court that can NOT be made dependent upon his being able to find a next friend who is acceptable to this Court under this Court's arbitrary discretion to reject Mr. McPhail's choices NOR may this Court censor Mr. McPhail's voice by restraining him from speaking except through a government approved speaker's voice.

This Court errs by applying the rational basis standard to permit the violation of an enumerated First Amendment protected fundamental right and impermissibly shifts the burden of proof onto Mr. McPhail.

The standard if plain. The First Amendment's plain text covers the conduct at issue therefore the Constitution presumptively protects the conduct. The next question is whether restricting eighteen-to-twenty-year-olds from petitioning this Court for redress of grievances is consistent with established First Amendment precedent including strict scrutiny. Mr. McPhail asserts that Rule 17(b) establishes a content-based prior-restraint upon his right to petition this Court in challenge to Rule 17(b)'s restraint on his speech that acts as an absolute bar to Mr. McPhail's access to this Court as a fundamental right.

It is indisputable that the government bears the burden of proof when imposing a prior restraint on Mr. McPhail's Right of Petition, id.:

Because the "Second Amendment's plain text covers [the] conduct" at issue, "the Constitution presumptively protects [the] conduct." Bruen, 597 U.S. at 24, 142 S. Ct. at 2129–30. According to Bruen, the next question is whether restricting eighteen-to-twenty-year-olds from purchasing handguns from FFLs is "consistent with this Nation's

historical tradition of firearm regulation." Id. at 17, 142 S. Ct. at 2126. The government bears the burden of proof. Id.

Further, the nature of Mr. McPhail's majority or minority under Mississippi law has been arbitrarily altered by Defendant in a manner that demonstrates bias designed to protect Defendant from this Court's authority in that Beau has been emancipated by Defendant under Mississippi law for all purposes other than protecting his rights against Defendant's own state actions.

Where defendant altered Mr. McPhail's rights in an arbitrary or biased manner, Defendant has arbitrarily or otherwise unconstitutionally deprived Mr. McPhail of Due Process Clause and Equal Protection Clause protections for his fundamental rights. Defendant's hands are unclean, and Defendant is NOT entitled to invoke Rule 17(b) through arbitrary and biased manipulation of Mississippi law in a clear abuse of discretion and abuse of power exercised for the sole purpose of invoking Rule 17(b) for Defendant's own pecuniary protection.

The First Amendment authorizes Mr. McPhail's right to petition this Court. What is necessary for Mr. McPhail to petition this Court is that the mere federal court Rule 17(b) be held de minimis against Mr. McPhail's First Amendment protected fundamental right to petition this Court for redress of grievances or in the alternative be held to be unconstitutional as applied to Mr. McPhail.

This Court should immediately vacate its order and reconsider this case in light of *23-30033* - *Reese v. Bureau of Alcohol*, PUBLISHED OPINION FILED. [23-30033 Reversed ] Judge: EHJ , Judge: RHB , Judge: JWE Mandate issue date is 03/24/2025

[23-30033] and in light of Defendant's abuse of power for the purpose of impermissibly depriving this Court of jurisdiction.

Respectfully submitted,

*Beau McPhail*

By: /s/ Beau McPhail


Beau McPhail, Litigant Pro Se
143 CR 380
Calhoun City, MS 38916
662.417.5259
kobwren@gmail.com
