**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**BEAU MCPHAIL**                                                                               **PLAINTIFF**

**V.**                                                           **NO. 4:24-CV-2-DMB-JMV**

**HONORABLE PERCY L.
LYNCHARD**                                                                        **DEFENDANT**

## ORDER

On January 27, 2025, the Court dismissed this case without prejudice after giving Beau McPhail the opportunity to show cause why dismissal should not result due to his lack of capacity to sue. Doc. #22. On February 13, 2025, McPhail filed a motion for reconsideration requesting the Court vacate its January 27 order. Doc. #23.

The Court construes McPhail's motion for reconsideration as seeking relief under Federal Rule of Civil Procedure 59(e).[1] *See T. B. by & through Bell v. Nw. Indep. Sch. Dist.*, 980 F.3d 1047, 1051 (5th Cir. 2020) ("Rule 59(e) of the Federal Rules of Civil Procedure does not expressly recognize a 'motion for reconsideration.' However, 'motions for reconsideration … are typically treated as Fed. R. Civ. P. 59(e) motions.'") (internal citation omitted) (quoting *In re Stangel*, 68 F.3d 857, 859 (5th Cir. 1995)). "Motions under Rule 59(e) are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence—not for raising arguments which could, and should, have been made." *Vuoncino v. Forterra, Inc.*, __ F.4th __, No. 24-10308, 2025 WL 1564344, at *7 (5th Cir. June 3, 2025) (cleaned up).

Because McPhail's motion for reconsideration generally reiterates his previous arguments, all such arguments are rejected for the same reasons explained in the Court's January 27 order. To

---

[1] *See In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 966 F.3d 351, 361 (5th Cir. 2020) ("Under Federal Rule of Civil Procedure 59(e), a party may move to alter or amend a judgment 'no later than 28 days after the entry of the judgment.'").

the extent McPhail makes new arguments, or argues matters inapplicable to reconsideration or the question of his legal capacity to sue, the Court declines to address them.[2] And while McPhail submits "[t]his Court should immediately vacate its order and reconsider this case in light of *23-30033 – Reese v. Bureau of Alcohol*" because there, according to him, "[t]he Fifth Circuit[] summarily rejected the assertion that the [Second A]mendment's rights were not violated by the age restriction and held that First Amendment guarantees apply even to minors,"[3] McPhail misapplies *Reese* (and other cases addressing the meaning of "the people" in the Constitution) to this case. *See, e.g.*, Doc. #23 at 4 ("[I]n all six other provisions of the Constitution that mention 'the people', the term unambiguously refers to all members of the political community, not an unspecified subset."); *id.* at 4–5 ("[T]he First Amendment MUST individually protect [his] personal right to petition this Court that can NOT be made dependent upon his being able to find a next friend who is acceptable to this Court."). Though the Fifth Circuit's *Reese* opinion[4] was issued after this Court's January 27 order, in its January 27 order the Court did not exclude McPhail from "the people" as it concerns the guarantees of the Constitution but concluded only that McPhail's claim that he possesses a fundamental right to represent himself as a minor in this Court lacked constitutional authority. Doc. #22 at 2–3. Consequently, McPhail's motion for reconsideration [23] is **DENIED**.

    **SO ORDERED**, this 20th day of June, 2025.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] McPhail seems to claim he was emancipated in the state court proceedings he referenced in his complaint. *See* Doc. #23 at 6 (stating "[he] has been emancipated by Defendant under Mississippi law"). But he provides nothing, much less evidence or authority, to support such claim. Even if he had, the evidence would not be new because McPhail could have presented it earlier.

[3] Doc. #23 at 2, 6 (emphases in original).

[4] 127 F.4th 583 (5th Cir. 2025). *Reese* held that "eighteen-to-twenty-year-olds were indeed part of 'the people' for Second Amendment purposes." *Id.* at 24.