# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**RECEIVED**

**JUL 0 7 2025**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

**BEAU MCPHAIL**                                                     **PLAINTIFF**

**VS.**                                         **No.: 4:24-cv-002-DMB-JMV**

**HONORABLE STATE COURT**
**JUDGE PERCY L. LYNCHARD**                              **DEFENDANT**

---

## PLAINTIFF'S OBJECTION TO ORDER DENYING MOTION TO APPOINT PLAINTIFF'S FATHER AS NON-ATTORNEY COUNSEL

---

Comes now Beauregard McPhail, Plaintiff pro se, and objects to his motion previously filed for appointment of this father as non-attorney counsel, and in support thereof would show the following, to wit:

1.      This Court is extremely stingy with the fundamental right to petition the courts for redress of grievances. This is to be expected when judges are protecting judges from accountability for their unconstitutional and blatantly corrupt actions.

2.      This Court demands constitutional proof from Plaintiff, yet this Court provides NO proof for its denial other than a judicial rule that clearly subordinates federal constitutional rights to state law which this Court knows or should know is unconstitutional as a violation of the Supremacy Clause.

3.      The controlling rule of decision in this case is very simple <u>Federal Election Commission v. Ted Cruz for Senate</u>, 596 U. S. _____ (2022):

4.   Any law that burdens First Amendment freedoms, even slightly, must be justified by a permissible interest...

5.   The only permissible ground for restricting political speech recognized by this Court is the prevention of "quid pro quo" corruption or its appearance.

6.   Mere conjecture is inadequate to carry a First Amendment burden.

7.   This Court is directly and intentionally violating Plaintiff's First Amendment rights through prior restraint that invidiously discriminates against adults under federal law by preempting that federal law with state law resulting in a censorship scheme where the censorship decision is NOT subject to independent judicial review. Naturally, compelling justification for this assertion of authority is mandatory, yet this Court provides NO justification other than a judicial rule which is neither compelling nor capable of overcoming a constitutional right.

8.   Before this Court may violate First Amendment rights, this Court must provide narrowly specified authority which this Court has NOT done, NAACP v. Button, 371 US 415, 433 (1963):

9.   Because First Amendment freedoms need breathing space to survive, government may regulate in the area only with narrow specificity.

10.  This narrow specificity requirement unquestionably applies to minors, Brown v. Entertainment Merchants Ass'n, 564 US 786, 131 Sect. 2729, 2735, 2736 (2011):

11.     Minors are entitled to a significant measure of First Amendment protection, and only in relatively narrow and well-defined circumstances may government bar public dissemination of protected materials to them...

12.     The profound arrogance with which this Court proclaims that Plaintiff "misapplies" the constitution is astounding. Perhaps Plaintiff misunderstands the highly complex phrase "need breathing space to survive." What breathing space does this Court offer? NONE! What narrow specificity has this Court demonstrated? NONE!

13.     The First Amendment reads:

14.     Congress shall make no law respecting the establishment of religion or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances.

15.     This Court asserts broad unjustified power to deny this minor the right "to petition the government for redress of grievances." This Court knows that it is infringing this right without sufficient justification, which begs the question, why is this Court so diligently attempting to protect a fellow judge against the constitutional rights of a minor child? What has the presiding judge of this Court done that would be implicated when Plaintiff wins this suit, and without doubt, he has clearly proven his likelihood to prevail on the merits if a judge permits his legitimate suit to proceed.

16.     Mississippi asserts a bastardy code in all but name, applies that bastardy code to adults under federal law by relying upon a state law establishing the age of majority applicable to Mississippi law, then denies First Amendment rights to this class

of individual just as if this were the 1950's where children were permissibly punished for the marital sins of their parents and where black people were kept in their proper place by the corrupt Mississippi courts.

17.     Plaintiff seeks to protect his First Amendment rights by presenting a legitimate federal question to this Court and seeking redress to which he is lawfully and constitutionally entitled. This Court then acts as if it were a Jim Crow court and nullifies entirely that individual's First Amendment rights to protect corrupt Mississippi courts.

18.     It is axiomatic that the federal constitution bars Mississippi from penalizing Plaintiff for the marital choices his mother made, yet that is exactly what the Mississippi courts have done. Moreover, the Mississippi courts have done so through personally taking political action against Plaintiff's rights and then declaring "judicially" that their own performance of a political function was constitutional.

19.     The Mississippi family code nullifies core, natural, fundamental, federally protected "private" rights as penalty for marital choices upon the mere filing of a child custody petition which by operation of law nullifies all federal and state constitutional protections for the litigant parents and for Plaintiff, replacing those guarantees with the unquestionable viewpoint discrimination of the state's viewpoint of a child's best interest, where that viewpoint is asserted as authority to "grant" federal rights that the parents and Plaintiff already hold fully vested with federal constitutional guarantees.

20.     This Court is actively protecting that bastardy code and the Mississippi judges who politically enforce that bastardy code while asserting to adjudicate the code to be constitutional even though NO adjudicative process is permitted to occur and the

parent litigants are barred from asserting any constitutional defense against state action.

21.    Why?

22.    Don't offend "the people" by asserting that a mere judicial rule deprives this Court of its Supremacy Clause imposed duty to "to safeguard constitutional rights" and "to proceed in such manner that all the substantial rights of the parties under controlling federal law are protected."

23.    Plaintiff does NOT misunderstand the phrase "the people." This Court intentionally misunderstands and misapplies the phrase "First Amendment freedoms need breathing space to survive," and does so solely because this Court feels protected in intentionally, maliciously, and fraudulently violating Plaintiff's rights under absolute judicial immunity intended to preserve justice but that in reality is applied by judges as a license to commit judicial corruption.

24.    Plaintiff presented "manifest error" by this Court in nullifying enumerated First Amendment rights by reference to a mere judicial policy choice imposed through a judicial proclamation clearly designed to protect another judge from having his criminal actions exposed. This Court doubles down on its own manifest error and its own "abuse of legal process."

25.    Plaintiff expected only judicial corruption from this Court and Plaintiff was NOT disappointed.

26.    Plaintiff's father has appeared to act as next friend, is a legitimate next friend, and this court simply ignores the fact that Plaintiff's father asserts plaintiff's rights on his behalf simply to satisfy this Court's absurdly unconstitutional demands. This Court demonstrates that it will NOT permit its absurd demands to be met under any conditions proving corruption.

27.    Twice now, this Court has taken a minor's money while claiming that the minor has NO "personal" constitutional rights in this court only that he might sue with next friend. If this Court declares that Plaintiff suffers from being a minor at 18-years of age, then this Court is stealing from a minor when it keeps the money the minor paid for relief from this court that well-within the jurisdiction of this Court and for which this Court has NO constitutionally permissible justification for refusing to exercise its jurisdiction.

28.    Perhaps now this Court will threaten a minor with First Amendment retaliation punishment for daring to expose the blatant corruption that is occurring here through his clear exercise of First Amendment protected speech, which this Court asserts to be nullified by judicial proclamation.

29.    Typical of government corruption, the government actor takes the money but denies constitutional protections without justification, nullifying First Amendment rights by presumption without a meaningful adjudication of those rights against the government's assertion of authority but merely by judicial proclamation enforcing a judicial policy interest.

30.     Plaintiff demands that this Court either actually provides justice as it is mandated to do or that this Court refunds ALL Plaintiff's money where this Court rejects its constitutional duties in favor of covering up the crimes of its peers.

31.     Defendant's denial of Plaintiff's rights as penalty for his mother's marital choices is an "abuse of law" and an "abuse of legal process," 18 U.S.C. §1589. Infringing Plaintiff's and his father's intimate and expressive, close family, parent-child speech, association, worship, and family privacy without adequate First Amendment guarantees being provided constitutes irreparable injury which is most certainly "serious harm," 18 U.S.C. §1589. Jailing Plaintiff's father for six-years, "in the child's best interests" as a means of debt collection predicated upon that abuse of legal process that resulting in serious harm, through judicial contempt enforcing void orders is itself an "abuse of legal process" that caused Plaintiff and his Father "serious harm." 18 U.S.C. §1589.

32.     Mississippi impermissibly punishes children to justify its income-based child support venture whereby the labor of parents is forced by threat of further abuse of law and abuse of legal process if that parent does NOT work, NOT to meet generally applicable minimum reasonable standards of childcare, but rather to meet the state of Mississippi's arbitrarily established "state duty" to provide an unequal standard of care or face a judicial debt collection apparatus that operates above the law and is subject to NO independent judicial review in either the state or the federal courts.

33.     This Court is actively protecting this patently illegal forced labor scheme for some as yet undisclosed reason. However, should it be discovered that this Court "knowingly benefits, financially or by receiving anything of value, from participation in a

venture which has engaged in the providing or obtaining of labor or services... or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means," then it will be exposed that this Court engaged in a felonious coverup of state court crimes in violation of 18 U.S.C. §1589 and the Thirteenth Amendment.

34.     This Court should take notice of the fact that Pam Bondi, the United States Attorney General has just sued an entire federal district court in federal court. This Attorney General understands judicial corruption and is NOT afraid to directly challenge that judicial corruption. Finally, parents and children who have suffered at the hands of state courts operating forced labor ventures against their rights have an Attorney General who just might start putting state and federal judges in prison.

35.     Plaintiff and his father will demonstrate how this can be done by applying 18 U.S.C. §1595 to demonstrate the Defendant in this case is guilty of felony forced labor. Discovery in that case, will likely expose the reasons why this Court is protecting this felony venture and even if nothing is found, this Court will be forever branded in history as having protected the felonious actions of a state court judge without justification.

36.     This Court has been provided with sufficient notice to be aware of the fact that Mississippi is operating a forced labor venture imposed through abuses of law and legal process that causes serious harm to many individuals while enriching Mississippi and a great many state officials and those who earn a living through this venture. The choice to recklessly disregard the fact of this venture, which is fully documented in

Mississippi judicial records going back for decades, by denying Plaintiff access to the federal courts to petition the federal courts for redress of these criminal actions by the Mississippi courts, is this Court's choice to make.

37.     What the Attorney General can do that Plaintiff can NOT do is to make this issue of judicial corruption a matter of national importance sufficient to be included in the national news cycle. All that Plaintiff can do is provide the proof of judicial corruption at the state and federal levels in support of the Attorney General's actions taken on behalf of President Trump, who was convicted of felonies in judicial proceedings presided over by a New York City Family Court Judge who may himself be implicated in these felonious matters under New York Law and who may be a felon himself.

38.     Defensive claims that judicial policy required this Court to overlook the crimes are just as valid as when that defense was asserted at Nuremberg, where the asserted defense is the same in kind regardless of any differences in magnitude of the underlying crime.

39.     Plaintiff expected judicial corruption. Plaintiff received judicial corruption. What else can one expect when judges make policy, politically enforce policy, and then judicially adjudicate the legitimacy of that policy. After all, the presiding judge of this Court is but "the average man as judge," and the procedural temptation so great that only the most extraordinary of judges, who don't seem to exist, could resist the temptation to protect their friends against a mere "child." In re Murchison, 349 US 133, 136-139 (1955). Williams v. Pennsylvania, 136 S. Ct. 1899, 1905, 1906 (2016). Children

can't possibly understand the distinctions between the "appearance of justice" and actual "justice," can they?

40.    The existence of extensive judicial corruption is unquestionably a political issue of great national importance. Plaintiff's attempts to expose the facts of that corruption through speech intended to reach the ears of the Attorney General is certainly a core First Amendment right that even children possess. Likewise, judicial retaliation against such speech driven by illegitimate self-interest of judges is barred by the First Amendment. Such retaliation would itself be a matter of great national interest should judges continue to take illegitimate actions designed to quell the speech of parents and children who are speaking out against judicial corruption and judicial crimes in a manner that ensures that speech is documented in judicial records.

41.    This Court's actions in forcing this issue to appeal and the expense of appeal is nothing short of an attempt to quell Plaintiff's speech in order to cover up federal crimes committed by judges.

42.    Plaintiff objects to this Court's actions as being intentional violations of Plaintiff's constitutional rights that have the additional impact of quelling Plaintiff's speech in an attempt to cover up Mississippi's felonious forced labor venture and Defendant's actions as the central essential actor in that venture where but for his willingness to violate his judicial oath, the venture could NOT exist.

But for this Court's denial of access to the federal courts to redress legitimate federal questions, the felonious forced labor venture could NOT continue to exist.[1]

Respectfully submitted by:

*Beau McPhail*

Beau McPhail, Litigant Pro Se
143 CR 380
Calhoun City, MS 38916
662.417.5259
kobwren@gmail.com
7-1-25

---

[1] Plaintiff is NOT pleading claims of forced labor but is merely providing this Court with sufficient notice to meet the reckless disregard element of the federal statute. This petition was intended to prove the abuses of law and legal process while documenting the serious harms that Defendant caused Plaintiff and his father by abusing the law and legal process. Plaintiff is NOT yet ready to file for forced labor relief but preparations are ongoing. Plaintiff is entitled to the relief currently pleaded independent from any forced labor claims that may later be raised by Plaintiff, his father, or the Attorney General.

## CERTIFICATE OF SERVICE

I, Beau McPhail, hereby certify that I have this day mailed, postage prepaid, a copy of the foregoing document to the following address:

Chambers of:
Judge Percy L. Lynchard
PO Box 340
Hernando, MS 38632

This the 2nd day of July, 2025.

Beau McPhail, Litigant Pro Se
143 CR 380
Calhoun City, MS 38916
662.417.5259
kobwren@gmail.com